Timothy WOODS and Denise Woods,
Appellants–Plaintiffs,

v.

QUAL–CRAFT INDUSTRIES, INC.
and Custom Concrete Co., Inc.,
Appellees–Defendants.

No. 41A04–9411–CV–434.

Court of Appeals of Indiana,
Fourth District.

March 31, 1995.

Transfer Denied July 25, 1995.

C. Dennis Wegner, Jeffrey K. Orr, C. Dennis Wegner & Associates, Indianapolis, for appellants.

Donald L. Centers, Douglas A. Tresslar, Harrison & Moberly, Indianapolis, for appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiffs–Appellants Timothy Woods and Denise Woods appeal from the denial of their motion for summary judgment on their negligence claim against Custom Concrete, Company Inc. (Custom Concrete).

We affirm.

### ISSUE

We consolidate the issues raised for review as: Whether, considering all designated evidence in the light most favorable to Woods, Custom Concrete is entitled to judgment as a matter of law.

### FACTS AND PROCEDURAL HISTORY

This is a personal injury action arising from a scaffolding accident which occurred on April 23, 1991. In April, 1991, Timberland Builders was building homes in the Legendary Hills subdivision. Timothy Woods (Woods) was an employee of Larry Hillenburg Framing Company, a subcontractor on the job site. Custom Concrete was also a

subcontractor on the job site. Approximately five days prior to the accident, an employee of Custom Concrete, Brian Kincaid, cut two sections from a concrete foundational wall of the structure and pushed the sections into an area dug out in the ground outside the foundation wall.

A few days after Kincaid left the concrete on the ground, Hillenburg Framing Co. erected a scaffold over the area where the concrete was. At the time of the injury, Woods was standing on an outside scaffold doing carpentry work to the second floor of the residential construction. The two scaffolding planks were attached to vertical poles which had been fastened to the outside of the residence for support. The two scaffolding planks rested on two Qual–Craft pump jacks which could be adjusted to the appropriate height for the workmen. Thomas White, Woods' co-worker, was on the same scaffold as Woods, but on the plank above Woods. While working on the scaffold, White attempted to lower his scaffolding plank by using the Qual–Craft pump jack. The pump jack abruptly jerked down approximately one foot, causing the scaffold to collapse. Due to the collapse of the scaffold, Woods fell approximately 25 feet to the ground, landing on the concrete slabs which were located on the ground beneath the scaffold. White also fell. Woods sustained severe injuries.

Woods filed his complaint in March of 1993, against Qual–Craft, the manufacturer of the pump jacks and Custom Concrete.[1] Woods alleged that Custom Concrete negligently left the concrete blocks on the job site, and that he sustained injury as a direct and proximate result of this negligence. Custom Concrete moved for summary judgment. After hearing argument on the motion, the trial court granted Custom Concrete's motion for summary judgment, finding that there was no genuine issue of material fact and that Custom Concrete owed no duty to Woods. Woods appeals from this judgment.

### STANDARD OF REVIEW

■ Before reaching the merits of this appeal, we recite the familiar standard of review by which we review the granting of motions for summary judgment. When reviewing the trial court's ruling on a motion for summary judgment, this court applies the same standard as the trial court. *American Family Mut. Ins. Co. v. Dye* (1994), Ind. App., 634 N.E.2d 844, 846, *reh'g denied, trans. denied.* Thus, no deference is given to the trial court's judgment. *Foreman v. Jongkind Bros., Inc.* (1994), Ind.App., 625 N.E.2d 463, 467, *reh'g denied.* Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C).

■ On appeal, we will carefully scrutinize the trial court's determination to ensure that the non-prevailing party is not improperly denied his day in court. *Perryman v. Huber, Hunt & Nichols, Inc.* (1994), Ind.App., 628 N.E.2d 1240, 1243, *trans. denied.* We consider only the materials designated to the trial court to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to a judgment as a matter of law. T.R. 56(C). We liberally construe all inferences and resolve all doubts in the non-movant's favor. *Id.*

### DISCUSSION AND DECISION

■ Woods attempts to create a duty owed to him by Custom Concrete on the theory of premises liability. He argues that Custom Concrete, as an occupier of the premises on which the injury occurred, is under a duty to exercise care for the protection of invitees on the business premises. We do not dispute the basic fact that Woods, as an employee of an independent subcontractor, is a business invitee. *See Louisville Cement Co. v. Mumaw* (1983), Ind.App., 448 N.E.2d 1219, 1221 (it is unquestioned that the employees of an independent contractor are invitees, and thus entitled to a higher duty of care); *see also Burrell v. Meads*

---

1. This appeal concerns only the action against Custom Concrete. The action against Qual–Craft remains pending in the trial court.

(1991), Ind., 569 N.E.2d 637, *reh'g denied* (for a review of premises liability in Indiana).

■ However, premises liability does not exist here. It is a landowner who has a common law duty to exercise due care to keep his property in a reasonably safe condition for business invitees, including employees of independent contractors. *Howard v. H.J. Ricks Constr. Co., Inc.* (1987), Ind.App., 509 N.E.2d 201, 205, *reh'g denied, trans. denied.* Custom Concrete was not a landowner or occupier of the premises, so as to give rise to a duty of care. *See* Restatement (Second) of Torts Sec. 328E (1965) (defining possessor/occupier of land as a person who is or has been in occupation of land with intent to control it, or a person who is entitled to immediate occupation of the land, if no other person is or has been in occupation of land with the intent to control it).[2] Woods also maintains that Custom Concrete's acts of negligence proximately caused his injuries. Custom Concrete contends that leaving the pieces of concrete on the ground cannot form the basis for either a breach of duty owed to Woods or the proximate cause of Woods' injury.

■ There is no dispute regarding the basic facts of this case. The only potentially disputed fact is whether Kincaid, the Custom Concrete employee, was directed by Hillenburg to leave the concrete in the dug out area. White noticed the concrete slabs lying on the ground at the job site prior to the accident; however, Woods was not aware of them and was not advised by anyone on the job site of the existence of concrete under his scaffolding. Kincaid maintains that the foreman of the Framing Co., Hillenburg, told him to leave it and that the Framing Co. workers would cover the concrete when they backfilled the dug out area. Hillenburg maintained that he had no recollection of giving this instruction, but did not dispute that he gave it. Even if there is a potential factual dispute regarding the instructions, this is not a dispute regarding a genuine issue of material fact. Whether Hillenburg directed Kincaid to leave the concrete or not, the fact does not change that Custom Concrete owed no duty to Woods.

■ To premise a recovery on a theory of negligence, a plaintiff must establish three elements: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff; (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff proximately caused by the breach. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995, *reh'g denied* (citing *Miller v. Griesel* (1974), 261 Ind. 604, 611, 308 N.E.2d 701, 706).

■ The existence of a duty is a question of law for the court to determine. *Miller,* 308 N.E.2d at 706. We must consider three things in determining whether a duty exists: (1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy concerns. *Webb,* 575 N.E.2d at 995. Specifically, imposition of a duty is limited to those instances where a reasonably foreseeable victim is injured by a reasonably foreseeable harm. *Id.* at 997. The factor of foreseeability weighs heavily against the imposition of a duty in this case. Based on this standard, we conclude that as a matter of

---

**2.** Assuming for the sake of argument that Custom Concrete was the owner/occupier of the premises, the general common law duty does not extend to the landowner in the broad sense that it applies to the employer. *Howard,* 509 N.E.2d at 205 (citing *Hoosier Cardinal Corp. v. Brizius* (1964), 136 Ind.App. 363, 199 N.E.2d 481, 486, *trans. denied* ). Under the facts of this case, the instrumentality which caused the injury was under the control of Hillenburg, and not under the control of the landowner, general contractor or another subcontractor on the job site. Therefore, absent some showing that the landowner assumed control of the instrumentality or had superior knowledge of the possibility of danger involved, it owed no duty to the independent contractor's employee. Absent a duty, there can be no breach; hence, no negligence. *See Hale v. Peabody Coal Co.* (1976), 168 Ind.App. 336, 343 N.E.2d 316, 320–21; *Denneau v. Indiana & Michigan Elec. Co.* (1971), 150 Ind.App. 615, 277 N.E.2d 8; *Jones v. Indianapolis Power & Light Co.* (1973), 158 Ind.App. 676, 304 N.E.2d 337; *Hoosier Cardinal Corp.,* 199 N.E.2d 481 (general contractor must take necessary steps to prevent injury to an independent contractor's employee, but this duty does not extend to instrumentalities within the sole control of the independent contractor for the exclusive use of the independent contractor's employee).

**1202**

law, it was not reasonably foreseeable that Woods would be injured due to Custom Concrete's act of leaving the concrete on the ground at the job site.

Furthermore, Custom Concrete's actions were not the proximate cause of Woods' injuries, because Woods' injuries could not have been reasonably foreseen as the natural and probable consequences of leaving concrete in a dug out area outside the foundation wall.[3] Rather, the intervening collapse of the scaffold, which also could not have been reasonably foreseen by Custom Concrete, was the proximate cause of Woods' injuries. Thus, this intervening cause superseded any liability on the part of Custom Concrete. *See Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 158 ("a negligent act or omission is the proximate cause of an injury if the injury is a natural and probable consequence which, in light of the circumstances, should reasonably have been foreseen or anticipated").

Woods' tort theory fails because there was no duty owed to Woods by Custom Concrete, nor were Custom Concrete's actions the proximate cause of Woods' injuries. *See Pitcock v. Worldwide Recycling, Inc.* (1991), Ind.App., 582 N.E.2d 412, 416 ("[w]here the defendant is the party moving for summary judgment, the defendant is entitled to judgment as a matter of law when it demonstrates undisputed material facts which negate at least one element of the plaintiff's claim"). In order to prevail on his negligence claim, Woods had the burden of presenting evidence sufficient to support a finding on every essential element of the tort. The failure of genuine issue as to any one of the requisite elements is fatal to Woods' claim. It is axiomatic that without a duty, there can be no recovery in negligence. *Hooks SuperX*, 642 N.E.2d at 517.

After considering the designated evidentiary matter relied on by both parties, we conclude that the trial court properly granted summary judgment in favor of Custom Concrete. Woods has failed to present genuine issues of material fact on the element of duty and the element of proximate cause. We fail to see how, in the natural and probable course of events, Custom Concrete's act of leaving concrete on the ground of a job site could be reasonable foreseen to result in injuries such as Woods sustained. The proximate cause of Woods' injuries is the collapse of the scaffold. Whether Woods will succeed in proving his claim of products liability against the manufacturer of the pump jacks is a separate issue currently pending in the trial court.

### CONCLUSION

Based on the foregoing, the trial court properly granted Custom Concrete's motion for summary judgment.

The trial court is affirmed in all respects.

DARDEN and NAJAM, JJ., concur.

---

3. Part of the inquiry into proximate cause is concerned with exactly the same factors as is the inquiry into the existence of a duty: whether a reasonably foreseeable victim is injured by a reasonably foreseeable harm. *Hooks SuperX, Inc. v. McLaughlin* (1994), Ind., 642 N.E.2d 514, 517.