**Donald LINDSEY and Jacquelyn Lindsey, Appellants–Plaintiffs,**

v.

**DE GROOT DAIRY LLC and Indiana Department of Environmental Management, Appellees–Defendants.**

No. 35A04–0608–CV–461.

Court of Appeals of Indiana.

June 4, 2007.

David C. Van Gilder, Van Gilder & Trzynka, P.C., Fort Wayne, IN, Attorney for Appellants.

Peter M. Racher, Todd J. Janzen, Ruth M. Rivera, Plews Shadley Racher & Braun LLP, Indianapolis, IN, Attorney for Appellee De Groot Dairy LLC.

Frances Barrow, Deputy Attorney General, Office of the Attorney General, Indianapolis, IN, Attorney for Appellee Indiana Department of Environmental Management.

## OPINION

BAILEY, Judge.

### Case Summary

Donald and Jacquelyn Lindsey ("Lindseys") appeal the dismissal of their Verified Petition for Judicial Review ("Verified Petition") of an administrative law judge's order. We reverse.

### Issue

The Lindseys raise three issues on appeal, one of which is dispositive: whether the trial court erred in dismissing their Verified Petition.

### Facts and Procedural History

De Groot Dairy LLC ("De Groot") operated a farm with dairy cows, including pools used to collect waste. The Indiana Department of Environmental Management ("IDEM") issued a confined-feeding-operation permit to De Groot. Later, De Groot and IDEM entered an Agreed Judgment, pursuant to which IDEM issued an amended permit. The Lindseys live near the farm. On January 25, 2005, they filed a Petition for Administrative Review and Stay of Effectiveness of the Amendment, alleging a series of harms. The Chief Environmental Law Judge ("ELJ") dismissed the Lindseys' Petition for Administrative Review for failure to state a claim upon which relief can be granted.

On February 27, 2006, the Lindseys filed their Verified Petition in Huntington Superior Court, sending summons to the Attorney General, the ELJ, an IDEM attorney, and the attorney who had represented De Groot in the administrative proceeding, Todd Janzen ("Janzen"). However, no summons was sent to De Groot. De Groot filed a Motion to Dismiss, contesting subject matter jurisdiction. Also, it moved for an automatic change of judge. A special judge granted De Groot's Motion to Dismiss. The Lindseys now appeal.

### Discussion and Decision

#### I. Standard of Review

On appeal, the Lindseys argue that the trial court erred in concluding that the Administrative Orders and Procedures Act ("AOPA") required them to serve De Groot itself, rather than its attorney. The relevant facts are not in dispute. Statutory interpretation is a question of law, subject to de novo appellate review. *Higgins v. State*, 855 N.E.2d 338, 341 (Ind.Ct.App. 2006).

#### II. Analysis

■ By its own terms, Chapter Five of AOPA provides the exclusive means for seeking review of an agency action. Ind. Code § 4–21.5–5–1. Indiana Code Section 4–21.5–5–8 provides that,

A petitioner for judicial review shall serve a copy of the petition upon:

. . .

(4) each party to the proceeding before an agency; in the manner provided by the rules of procedure governing civil actions in the courts.

Only one reported case has applied or even cited this section, *Prohosky v. Dep't of Natural Res.*, 599 N.E.2d 611 (Ind.Ct.App. 1992). Its holding, however, was not relevant to this matter.[1] Accordingly, we are presented with an issue of first impression.

The first step in interpreting a statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question. *Sees v. Bank One, N.A.*, 839 N.E.2d 154, 157 (Ind.2005). When a statute is susceptible to more than one interpretation, it is deemed ambiguous and thus open to judicial construction. *Id.* Our primary goal of statutory construction is to determine, give effect to, and implement the intent of the legislature. *Id.*

As noted above, the relevant statute requires a petitioner to "serve a copy of the petition upon . . . each party . . . in the manner provided by the rules of procedure governing civil actions in the courts." I.C. § 4–21.5–5–8. The Indiana Trial Rules, however, provide different manners for service of documents. Under Indiana Trial Rule 3, a civil action commences upon the filing of "a complaint or such equivalent pleading or document as may be specified by statute, . . . , and, *where service of process is required,* by furnishing to the clerk as many copies of the complaint and summons as are necessary." (Emphasis added.) Regarding service of process, Tri-

al Rule 4(A) provides that "[t]he court acquires jurisdiction over a party or person who under these rules commences or joins in the action, is served with summons or enters an appearance, or who is subjected to the power of the court under any other law." Meanwhile, Trial Rule 5 pertains to the service of orders, pleadings, written motions, briefs, documents relating to discovery, and other written notices. When a party is "represented by an attorney of record," Trial Rule 5 requires service upon that attorney, rather than upon the party.

In dicta, our Supreme Court has twice indicated that service upon a party's attorney does not satisfy Trial Rule 4. *See Smith v. Johnston*, 711 N.E.2d 1259, 1263 (Ind.1999); *In re Stern*, 776 N.E.2d 1208 (Ind.2002). In *Smith*, a physician was disciplined by the medical review board. An injured person then had his attorney send a demand letter to the same attorneys who had represented the physician in the disciplinary proceedings. Pursuant to Trial Rule 4, the plaintiff served a summons upon the physician. The physician's attorney rejected the plaintiff's demand letter, but the physician did not respond to the complaint. The Court reversed the default judgment, concluding that the plaintiff's attorney had a duty to communicate about the complaint with the attorneys she knew to represent the defendant. In so holding, the Court commented that

[w]e agree with [plaintiff's attorney] that Trial Rule 4 calls for service of the summons and complaint on the party, not the attorney, to secure jurisdiction. We also agree that Trial Rule 5(B) re-

---

1. Prohosky appealed an order of the Natural Resources Commission ("NRC") and served the director of the Department of Natural Resources, whom statute also designated as secretary of the NRC. This Court held that the NRC had been properly served under the sec-

ond sentence of Ind.Code § 4–21.5–5–8(a), which allows service on the secretary of an agency's ultimate authority, if that ultimate authority consists of more than one individual. That provision is irrelevant here.

quires service of subsequent papers only on attorneys who have filed their appearance in the case. Trial Rules 4 and 5 anticipate that a defendant in a lawsuit may not have retained an attorney at the time suit is filed. Even if the defendant has a lawyer, the plaintiff may not know that. Accordingly, these Rules do not require notice service on an attorney.

*Smith*, 711 N.E.2d at 1263. Also, in a matter of attorney discipline, the *Stern* Court concluded that service on an association's attorney did not comply with Trial Rule 4, where Stern filed a Motion for Restraining Order. *Stern*, 776 N.E.2d at 1208.

From the language of I.C. § 4–21.5–5–8, it is not clear whether the legislature intended service to be made under Trial Rule 4 or 5. We therefore conclude that the statute is ambiguous and proceed to ascertain the legislature's intent.

First, in enacting this provision in 1986, the General Assembly made clear that AOPA Chapter Five controlled judicial review of agency actions, proceedings that by their very nature are ongoing disputes, potentially long ones. Here, for example, the Lindseys had been engaged in IDEM's consideration of the De Groot permit for at least thirteen months. The General Assembly would have known that the parties to a judicial review would probably be familiar with each other and each other's attorneys.

Second, the term "service," used in the statute, is common to both relevant trial rules. The General Assembly, however, did not include either the term "summons" or "process" to describe the manner of service under Indiana Code Section 4–21.5–5–8. To the degree that the legisla-

ture wanted to require service under Trial Rule 4, it could have so specified.

In a similar dispute decided under the zoning statute, our Supreme Court concluded that service on an attorney was adequate for purposes of appealing from a decision of a board of zoning appeals. *Butler Toyota, Inc. v. Metro. Bd. of Zoning Appeals*, 504 N.E.2d 271 (Ind.1987). In applying the zoning statute, the *Butler Toyota* Court concluded that the application for writ of certiorari was a continuance of the zoning proceedings such that service under Trial Rule 5(B) was sufficient. *Id.* at 272. In addition, this Court interpreted the predecessor statute to Indiana Code Section 4–21.5–5–8 as allowing service by certified mail where the statute required personal service. *Ind. Civil Rights Comm'n v. Kidd & Co.*, Inc., 505 N.E.2d 863, 865 (Ind.Ct.App.1987) (also holding that objection to notice had been waived), *trans. denied.*

 Indiana law strongly prefers disposition of cases on their merits. *Coslett v. Weddle Bros. Constr. Co., Inc.*, 798 N.E.2d 859, 861 (Ind.2003), *reh'g denied.* We prefer not to erect procedural obstacles to their presentation. *Maldonado v. State*, 265 Ind. 492, 355 N.E.2d 843, 848 (1976). In light of the considerations noted above, we conclude that service pursuant to Trial Rule 5 satisfies Indiana Code Section 4–21.5–5–8. To rule otherwise would create a procedural trap for unwary litigants, especially where, as here, the parties had already been engaged in the dispute for some time. If the General Assembly would prefer service to be achieved under Trial Rule 4, it should so specify.

### Conclusion

We conclude that the trial court erred in dismissing the Lindseys' Verified Petition for Judicial Review.

Reversed.[2]

SHARPNACK, J., and MAY, J., concur.

**2.** In their briefs, all of the parties refer to jurisdiction of the case, a "characterization" no longer favored in Indiana law. *K.S. v. State,* 849 N.E.2d 538, 540 (Ind.2006).