Timothy **BRIESACHER** and Gloria Briesacher, Appellants– Plaintiffs,

v.

**SPECIALIZED RESTORATION AND CONSTRUCTION, INCORPORATED, d/b/a Lemmons Masonry and Scott Lemmons, individually and as owner of Lemmons Masonry, Appellees–Defendants.**

No. 45A03–0703–CV–117.

Court of Appeals of Indiana.

March 4, 2008.

Publication Ordered April 3, 2008.

April L. Board, Tyler J. Bellin, Merrillville, IN, Attorneys for Appellant.

Kevin C. Tyra, Peggy K. Little, Tyra Sweetin & Bleeke, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Timothy Briesacher ("Briesacher") and Gloria Briesacher appeal the trial court's grant of summary judgment to Specialized Restoration and Construction, Inc., d/b/a Lemmons Masonry ("Lemmons Masonry") and Scott Lemmons ("Lemmons"). The Briesachers raise three issues, which we revise and restate as:

I. Whether the trial court erred by granting Lemmons Masonry's motion for summary judgment;

II. Whether the trial court erred by granting Lemmons's motion for summary judgment.

We affirm in part, reverse in part, and remand.

The relevant facts designated by the parties follow. In March 2003, Taylor & Bartholomew Construction, Inc. ("T & B") agreed to construct permanent concrete foundations, curbs, slabs, etc. for AMG Resources Corporation. T & B hired Lemmons Masonry as a subcontractor to perform all masonry, masonry reinforcement, bearing plate installations, and lintels. Lemmons Masonry's duties included installation of rebar at the top deck of the walls.

T & B subcontracted with Wilson Ironworks to furnish, fabricate, prime, and install roof beams and a roof deck. Wilson Ironworks subcontracted the work out to Stevens Ironworks. Briesacher, an em-

ployee of Stevens Iron Works, went to the jobsite to set beams in place and lay decking for the roof of the structure. As Briesacher and coworkers began to spread the decking, they realized that the rebar, set by Lemmons Masonry, was incorrectly placed and prevented them from being able to lay the decking. The ironworkers decided to bend the rebar up to allow clearance to lay the decking. Briesacher straddled the wall and began scooting across the walls and bent the rebar as he progressed. As Briesacher reached the last bar he was to bend, he grabbed another bar that had been set by Lemmons Masonry for support. The bar broke, and Briesacher fell to the ground and sustained injuries.

On January 18, 2006, the Briesachers filed a complaint against AMG Resources, Inc., T & B, Lemmons Masonry, and Lemmons individually and alleged that the Defendants were negligent. Lemmons Masonry and Lemmons filed a motion for summary judgment and argued that they did not owe Briesacher a duty and "[w]ithout duty, there can be no breach, and without a breach, no basis for a claim of negligence." Appellant's Appendix at 82. After a hearing, the trial court granted summary judgment. Specifically, the trial court's order stated:

\*　　\*　　\*　　\*　　\*　　\*

Summary judgment is appropriate because under the undisputed facts and circumstances here, Lemmons Masonry owed no duty to Timothy Briesacher. No duty was owed because it was not reasonably foreseeable that Timothy Briesacher would fall, while scooting along the top of the wall when the rebar broke, with no safety devices in use, as occurred here. Lemmons Masonry had no general duty to keep the premises safe for use by other construction workers at the time, and no duty to anticipate Briesacher's conduct in this case, or that the rebar would break. Ironworkers (who had appropriate expertise at their jobs) were employed to place the beams and sheet metal decking, and adjustments to rebar are commonly within their field of work. Safety measures and precautions, which Briesacher and his coworkers might have taken to protect themselves in the performance of their work, were solely within their control and discretion. Briesacher and his co-workers had control over the manner and means in which they did their jobs. The employees of Lemmons Masonry would not be expected to foresee that the ironworkers would straddle the walls without safety precautions, that the rebar would break, and that Briesacher would be injured as a result of falling from the walls.

Because summary judgment is appropriate on this issue, the other issues raised in the parties' briefings are moot.

Appellant's Appendix at 7. The Briesachers filed a motion to correct error, which the trial court denied.

## I.

The first issue is whether the trial court erred by granting Lemmons Masonry's motion for summary judgment. Our standard of review for a trial court's grant or denial of a motion for summary judgment is well settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(c); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial

court. *Id.* We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. *Id.* at 974. The appellant has the burden to prove that the trial court erred in its determination that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Rosi v. Bus. Furniture Corp.*, 615 N.E.2d 431, 434 (Ind.1993) (quoting *Ind. Dep't of State Revenue v. Caylor–Nickel Clinic, P.C.*, 587 N.E.2d 1311, 1312–1313 (Ind.1992)).

In negligence cases, summary judgment is rarely appropriate. *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind.2004). "This is because negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence." *Id.* Nevertheless, a defendant is entitled to judgment as a matter of law when the undisputed material facts negate at least one element of the plaintiff's claim. *Id.* at 385.

Where a trial court enters findings of fact and conclusions thereon in granting a motion for summary judgment, as the trial court did in this case, the entry of specific findings and conclusions does not alter the nature of our review. *Rice v. Strunk*, 670 N.E.2d 1280, 1283 (Ind.1996). In the summary judgment context, we are not bound by the trial court's specific findings of fact and conclusions thereon. *Id.* They merely aid our review by providing us with a statement of reasons for the trial court's actions. *Id.*

The Briesachers' complaint alleged that Lemmons Masonry was negligent. To recover under a theory of negligence, a plaintiff must establish that: (1) the defendant owed the plaintiff a duty to conform its conduct to a standard of care arising from its relationship with the plaintiff; (2) the defendant breached that duty; and (3) the defendant's breach of that duty proximately caused an injury to the plaintiff. *Foxworthy v. Heartland Co–Op, Inc.*, 750 N.E.2d 438, 441 (Ind.Ct.App.2001), *trans. denied.* The trial court found that Lemmons Masonry did not owe Briesacher a duty. On appeal, the Briesachers argue that Lemmons Masonry owed Briesacher a duty and was negligent.

### 1. Existence of a Duty

Whether the defendant owed the plaintiff a duty is a pure question of law for the court to decide. *Id.* Factual questions, however, may be interwoven in the issue of duty, which render the existence of a duty a mixed question of law and fact to be determined by the factfinder. *Jacques v. Allied Bldg. Servs. of Ind., Inc.*, 717 N.E.2d 606, 608 (Ind.Ct.App.1999).

A contractor is liable for injuries or death of third persons after acceptance by the owner where the work is reasonably certain to endanger third parties if negligently completed. *Peters v. Forster*, 804 N.E.2d 736, 742 (Ind.2004). A builder or contractor is liable for injury or damage to a third person as a result of the condition of the work, even after completion of the work and acceptance by the owner, where it was reasonably foreseeable that a third party would be injured by such work due to the contractor's negligence. *Id.* In general, a contractor has a duty to use reasonable care both in his or her work and in the course of performance of the work. *Id.* at 743. However, the duty of reasonable care is not, of course, owed to the world at large, but rather to those who might reasonably be foreseen as being subject to injury by the breach of the duty. *Id.*

Both parties argue about the foreseeability of the harm. "[T]he foreseeability component of duty requires . . . general

analysis of the broad type of plaintiff and harm involved, without regard to the facts of the actual occurrence." *Goldsberry v. Grubbs,* 672 N.E.2d 475, 479 (Ind.Ct.App. 1996), *trans. denied.* The Briesachers argue that it was reasonably foreseeable to Lemmons Masonry that the next contractor could be injured by their negligently installed rebar. Lemmons Masonry relies on *Woods v. Qual–Craft Industries, Inc.,* 648 N.E.2d 1198 (Ind.Ct.App.1995), *trans. denied,* to argue that Lemmons Masonry did not owe any duty to Briesacher.[1]

In *Woods,* an employee of Custom Concrete, a subcontractor on a job site, pushed sections from a concrete foundational wall into an area dug out of the ground outside the foundational wall. *Woods,* 648 N.E.2d at 1199–1200. A few days later, Timothy Woods, an employee of Larry Hillenburg Framing Company, was standing on an outside scaffold doing carpentry work to the second floor of the residential construction. *Id.* The scaffold collapsed, and Woods fell onto the concrete slabs and sustained severe injuries. *Id.* at 1200. Woods filed a complaint against Custom Concrete and alleged that Custom Concrete negligently left the concrete blocks on the job site and that he sustained injury as a direct and proximate result of this negligence. *Id.* Custom Concrete moved for summary judgment, which the trial court granted. *Id.* On appeal, this court held that "[t]he factor of foreseeability weighs heavily against the imposition of a duty in this case." *Id.* We note that Woods had not been hired to perform work upon the concrete left by Custom Concrete.

■ Here, unlike in *Woods,* Briesacher was hired to install the roof upon the walls that Lemmons Masonry had built. Further, the designated evidence reveals the following exchange during the deposition of Robert Joseph, the Briesachers' expert witness:

Q. Was there anything in the evidence that would indicate that any of the defendants would expect that Mr. Briesacher would do what he did the way he did it?

A. Let me try and answer that. What Mr. Briesacher did, in my opinion, is something that any journeyman ironworker who encountered a problem, as I'm going to call it, would do to correct that problem to rectify the situation, yes, I think he would have done that. Any journeyman ironworker would have done exactly what Mr. Briesacher did.

\*    \*    \*    \*    \*    \*

Q. My question is: What would the defense have expected?

A. I think they would have expected exactly that.

Appellant's Appendix at 312. We conclude that Lemmons Masonry could reasonably foresee that a worker performing work upon the walls it had built could be subject to injury if it did not exercise reasonable care in building those walls. Thus, Lemmons Masonry had a duty to Briesacher. *See Peters,* 804 N.E.2d at 743 (holding that a contractor has a duty to use reasonable care in his work and in the course of

**1.** Lemmons Masonry also relies on *Mayfield v. Levy Co.,* 833 N.E.2d 501 (Ind.Ct.App.2005), to argue that Lemmons Masonry did not owe any duty to Briesacher because it was not reasonably foreseeable that Briesacher would incur a fall while at the job site. In *Mayfield,* the court only addressed the dispositive issue of "whether the trial court properly found that [the defendant]'s conduct was not the proximate cause of [the plaintiff]'s injuries as a matter of law." *Mayfield,* 833 N.E.2d at 503. Thus, we do not find the analysis in *Mayfield* instructive in addressing whether Lemmons Masonry owed Briesacher a duty.

performance of the work to those who might reasonably be foreseen as being subject to injury by the breach of the duty).

### 2. Breach

We must next consider whether Lemmons Masonry breached its duty to Briesacher. In general, whether a party breached its duty is a question of fact. *Northern Ind. Pub. Serv. Co. v. Sharp,* 790 N.E.2d 462, 466 (Ind.2003). "Whether a particular act or omission is a breach of duty is generally a question of fact for the jury. It can be a question of law where the facts are undisputed and only a single inference can be drawn from those facts." *Id.* The Briesachers appear to argue that Lemmons Masonry breached its duty of care when they failed to use reasonable care in the installation of the rebar at the top of the concrete block walls pursuant to the plans and specifications. The Briesachers also argue that Lemmons Masonry placed the rebar in wet grout, improperly secured the rebar with pieces of Styrofoam and broken blocks, and failed to conduct an inspection of their work after the grout dried to ensure that the work complied with the plans.

The Briesachers designated evidence that Lemmons Masonry set the rebar at an incorrect angle, which prevented Briesacher from performing his job, and that Lemmons Masonry failed to inspect the angle of the rebar after it had been set. Lemmons Masonry designated evidence that Lemmons performed a job inspection and did not "recall seeing anything incorrect." Appellant's Appendix at 226. Lemmons Masonry also designated evidence that they ordered the rebar according to the specifications. Construing all reasonable inferences drawn from the designated evidence, we conclude that there are genuine issues of material fact regarding whether Lemmons Masonry breached its

duty. *See Stumpf v. Hagerman Const. Corp.,* 863 N.E.2d 871, 879 (Ind.Ct.App. 2007) (holding that whether contractors breached duty was a question of fact for the jury), *trans. denied.*

### 3. Proximate Cause

In determining whether an act is a proximate cause of an injury, we consider whether the injury was a natural and probable consequence of the negligent act, which in light of the attending circumstances, could have been reasonably foreseen or anticipated. *Goldsberry v. Grubbs,* 672 N.E.2d 475, 479 (Ind.Ct.App.1996), *trans. denied.* "Foreseeability in the context of proximate cause involves evaluating the particular circumstances of an incident after the incident occurs." *Goldsberry,* 672 N.E.2d at 479. "[W]hen determining proximate cause, foreseeability is determined based on hindsight, and accounts for the circumstances that actually occurred." *Id.* If harm is a natural, probable, and foreseeable consequence of the first negligent act or omission, the original wrongdoer may be held liable even though other independent agencies intervene between his negligence and the ultimate result. *Estate of Heck ex rel. Heck v. Stoffer,* 786 N.E.2d 265, 271 (Ind.2003). Thus, reasonably foreseeable intervening acts do not break the chain of causation and the "original wrongful act will be treated as a proximate cause." *Id.* In general, "[t]he foreseeability of an intervening cause and, thus, whether the defendant's conduct is the proximate cause of the plaintiff's injuries, is a question of fact for the jury's determination." *Nat'l R.R. Passenger Corp. v. Everton by Everton,* 655 N.E.2d 360, 366–367 (Ind.Ct.App.1995), *trans. denied.* However, "where it is clear that the injury was not foreseeable under the circumstances and that the imposition of liability upon the original negligent actor

would not be justified, the determination of proximate cause may be made as a matter of law." *Arnold v. F.J. Hab, Inc.*, 745 N.E.2d 912, 917 (Ind.Ct.App.2001).

■ Lemmons Masonry argues that "[t]he proximate cause of Briesacher's injuries was his own negligence in climbing a wall approximately fourteen feet high, without safety protection, while under the influence of morphine, and pulling his weight on a piece of rebar without knowing the properties of rebar." Appellee's Brief at 23. Lemmons Masonry argues that Briesacher and his coworkers could have called Lemmons Masonry, but they made the decision to bend the rebar without fall protection, a lift, or a scaffold. Lemmons Masonry also argues that "while Briesacher and his co-workers might not have been concerned with climbing the wall without protection as it was a 'little bitty old job' and they were in a hurry, OSHA regulations call for fall protection at heights of over four feet." *Id.* at 25. Lemmons Masonry appears to point to the following exchange during the deposition of the Briesachers' expert, Joseph:

Q. Specifically in terms of—at what level is it so minimal that you wouldn't see the need for fall protection?

A. There's an OSHA regulation that calls for anything over four feet, somebody who is working over four feet, to be tied off and that's—once again, there's other rules to that in subpart R as far as the work determined, you know . . .

Appellant's Appendix at 303.

The Briesachers argue that Lemmons Masonry "failed to come forward in their Motion for Summary Judgment with any evidence whatsoever that fall protection was required or even feasible at the job site where Briesacher was injured." Appellant's Brief at 27. The Briesachers also point to evidence that OSHA regulations did not require Briesacher to tie off at the job site and that it was not feasible to tie off on the day in question at this particular job site. Specifically with regard to the OSHA regulation, the Briesachers point to Joseph's report, which stated that "[i]n this particular case, as the wall that Mr. Briesacher was straddling was 14 feet; (by Mr. Briesacher's testimony as well as Mr. Bartholomew's testimony,) OSHA Regulation subpart 'R' did not require Mr. Briesacher to have a personal fall arrest system on the job during steel erection, which is what Mr. Briesacher was engaged in doing on the date of his fall." Appellant's Appendix at 198. The Briesachers also designated evidence that: (1) there would not have been a need to straddle the wall and bend the rebar if it had been set by Lemmons Masonry's workers pursuant to the specifications; (2) Briesacher had been able to perform his job without any problems or side effects related to his medication; and (3) any journeyman ironworker would have done exactly what Briesacher did and Lemmons Masonry would have expected Briesacher's actions of straddling the wall and attempting to bend the rebar.

Construing all facts and reasonable inferences drawn from facts in the Briesachers favor, we conclude that there are genuine issues of material fact regarding the proximate cause of Briesacher's injuries and, potentially, the comparative fault of Lemmons Masonry and Briesacher. Thus, the trial court erred by granting Lemmons Masonry's motion for summary judgment. *See, e.g., Stumpf,* 863 N.E.2d at 879 (holding that whether contractors breach of duty was a proximate cause of plaintiff's injuries was a question of fact for the jury).

**II.**

■ The next issue is whether the trial court erred by granting Lemmons's motion

for summary judgment. In their reply brief, the Briesachers argue that Lemmons can be held personally liable under a theory of piercing the corporate veil and under Ind.Code § 23–1–45–7. However, the Briesachers did not make any argument regarding Lemmons's individual liability under a theory of piercing the corporate veil, under Ind.Code § 23–1–45–7, or under any other theory in their original brief. "[A]ny argument an appellant fails to raise in his initial brief is waived for appeal." *Kelly v. Levandoski*, 825 N.E.2d 850, 858 n. 2 (Ind.Ct.App.2005). Thus, the Briesachers have waived the issue of Lemmons's individual liability. *See Felsher v. University of Evansville*, 755 N.E.2d 589, 593 n. 6 (Ind.2001) (holding that appellant waived issue because he raised the issue for the first time in his reply brief).

For the foregoing reasons, we reverse the trial court's grant of summary judgment to Lemmons Masonry, affirm the trial court's grant of summary judgment to Lemmons, and remand for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

FRIEDLANDER, J. concurs.

RILEY, J. concurs in part and dissents in part with separate opinion.

Judge, RILEY, concurring in part and dissenting in part with separate opinion.

Because we reverse the trial court on the issue of duty and remand for further proceedings, I would address Scott Lemmons' contention that he cannot be held personally liable for the acts of Lemmons Masonry. The trial court found that no duty was owed to Briesacher and made no findings on the individual liability of Scott Lemmons. The Briesachers appealed the trial court's order and addressed in their Appellants' Brief the rationale relied upon by the trial court to award summary judgment to both Lemmons Masonry and Scott Lemmons personally. Thereafter, Lemmons Masonry and Scott Lemmons argued in their Appellees' Brief, among other things, that Scott Lemmons could not be held individually liable. The Briesachers argued in their Reply Brief that Scott Lemmons could be held individually liable, an argument that they had preserved before the trial court. Since Indiana law strongly prefers disposition of cases on their merits, and not to erect procedural obstacles to their presentation, I would consider the Briesachers' arguments on their merits. *See Lindsey v. De Groot Dairy, LLC,* 867 N.E.2d 602, 605 (Ind.Ct. App.2007), *trans. denied.*

The Briesachers contend that Scott Lemmons is personally liable to the extent that he received assets from Specialized Construction upon the corporation's liquidation. Indiana Code section 23–1–45–7(d), provides:

A claim may be enforced under this section:

(1) against the dissolved corporation, to the extent of its undistributed assets; or

(2) if the assets have been distributed in liquidation, against a shareholder of the dissolved corporation to the extent of the shareholder's pro rata share of the claim or the corporate assets distributed to the shareholder in liquidation, which ever is less, but a shareholder's total liability for all claims under this section may not exceed the total amount of assets distributed to the shareholder.

Briesachers presented evidence to the trial court that Lemmons Masonry was voluntarily dissolved on or about November 14, 2005. I would conclude from the plain language of I.C. § 23–1–45–7(d) that

Briesacher can pursue his claim for negligence against both Lemmons Masonry and Scott Lemmons to the extent allowed by this statute. Therefore, I would reverse the grant of summary judgment to Scott Lemmons individually because he may be held personally liable, even if to a limited extent.

## ORDER

On March 4, 2008, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellants, by counsel, have filed a Motion to Publish Memorandum Decision. The Appellants state that this decision clarifies a rule of law and involves a legal and factual issue of unique interest and substantial public importance.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion to Publish Memorandum Decision is GRANTED and this Court's opinion heretofore handed down in this cause on March 4, 2008, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

Sharpnack and Friedlander, JJ., concur.

Riley, J., would deny the motion to publish.