## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 31 2020, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas D. Seal
Law Office of Thomas D. Seal
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Timothy K. Ryan
Steven T. Henke
Hackman Hulett LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert J. White,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Estate of Robert L. White,<br>*Appellee-Defendant.* | July 31, 2020<br><br>Court of Appeals Case No.<br>19A-CT-2764<br><br>Appeal from the Wayne Superior Court<br><br>The Honorable Charles K. Todd, Jr., Judge<br><br>Trial Court Cause No.<br>89D01-1512-CT-59 |

**Najam, Judge.**

## Statement of the Case

[1]     Robert J. White appeals the trial court's entry of summary judgment in favor of

the Estate of Robert L. White ("Estate") on White's second amended

complaint, which alleged fraud and waste.[1]  White raises three issues for our review, which we consolidate and restate as whether the trial court erred when it entered summary judgment in favor of the Estate.

[2]  We affirm.

## Facts and Procedural History

[3]  David Showalter, Jr. had a longstanding oral agreement with White's father. Pursuant to that oral agreement, White's father gave Showalter the right to farm nearly 500 acres of farmland ("the Property") in exchange for rent payments in the amount of $150 per tillable acre.  Following the death of White's father, the Estate continued this agreement with Showalter on an annual basis.  White was aware that his father rented out the farm property, and he saw both Showalter's father and Showalter farming tillable acreage on the Property.  However, White never asked Showalter about the terms of the lease.

[4]  After his father died, White filed a will contest action that resulted in a Mediated Settlement Agreement ("Agreement").  According to the Agreement, the Estate agreed to sell the Property to White for $1,715,000.  Also, White agreed that his possession of the Property is "subject to the rights of crop tenants to cultivate, tend and harvest growing crops for the 2015 crop year." Appellee's App. Vol. 2 at 18 (emphasis removed).  White was aware of that

---

[1]  White also filed a claim for trespass against David.  However, the trial court dismissed that claim on February 2, 2017.

clause but did not know what the crop tenant's rights were. However, following a conversation with his attorney, White concluded that he would have the right to unrestricted immediate possession of the entire Property.

At the closing on September 30, 2015, the executors of the Estate executed an Executors' Deed and conveyed the Property to White subject to the same rights of the crop tenants. Following the closing, Showalter continued to "permit[] various pieces of equipment" to remain on the real estate. *Id*. at 31. Showalter also "asserted" to White that he and not White had the "exclusive right" to possession of all tillable acres pursuant to the oral agreement. *Id*. at 34.

Thereafter, White filed a complaint against the Estate, which, as amended, alleged that the Estate had committed fraud and waste. In particular, White alleged that the Estate was aware that White did not know about the terms of the oral lease and that, "in an effort to fraudulently induce" White into purchasing the Property, the Estate "failed to disclose" to him that the tillable acres were subject to the oral lease, which lease deprived him of the right to immediate unrestricted access to the Property. *Id*. at 34. He also alleged that the Estate had "damaged the [the Property] by recklessly removing items from the land." *Id.* at 36. Furthermore, White alleged that the Estate had "abandoned numerous equipment [sic] . . . on the . . . Property," which items White had to remove. *Id.*

In response, the Estate filed a motion for summary judgment. In that motion, the Estate asserted that White's claim for fraud sounded in "constructive fraud

rather than actual fraud." *Id*. at 9 (emphasis removed). Specifically, the Estate alleged that White's complaint failed to demonstrate that a duty existed between him and the Estate; that, even if a duty existed, White's complaint failed to demonstrate a breach of that duty; and that White's complaint demonstrated that he did not rely on the Estate's silence but, rather, that he relied on the opinion of his attorney. As to White's claim for waste, the Estate asserted that that claim must fail because the undisputed evidence demonstrated that no representative of the Estate entered the Property after the closing. In support of its motion, the Estate designated as evidence the mediated settlement agreement, the Executors' Deed, and White's deposition. White failed to respond to the motion or otherwise file any responsive pleadings to the motion for summary judgment.[2]

[8] Following a hearing on the Estate's motion, the trial court found:

> Respectfully, the Court sees no need to go into significant detail in this Order regarding the elements for fraud, constructive fraud, or waste. . . . The Court finds that as a matter of law, and based solely on the designated evidence properly before the Court, that there is an absence of a genuine factual issue on at least one element of [White's] claimed causes of action, which then is fatal to [White's] claims. In summary, [the Estate] made a prima facie showing that there are no genuine issues of material fact and that [the Estate] is entitled to summary judgment as a matter of law on the claims within [White's] complaint and [White] has not

---

[2] White filed a brief in opposition to the Estate's motion for summary judgment on January 24, 2019, but, on January 29, he filed a motion to withdraw the brief as untimely. The trial court granted White's motion.

designated specific facts in evidence pursuant to Trial Rule 56 demonstrating the existence of a genuine issue for trial.

*Id.* at 3-4 (footnote and citation omitted). Accordingly, the court entered summary judgment in favor of the Estate. This appeal ensued.

## Discussion and Decision

[9] White asserts that the trial court erred when it entered summary judgment in favor of the Estate on his claims of fraud and waste. The trial court found, and White concedes, that he failed to timely respond to the Estate's motion, to designate factual matters in dispute, or to designate any evidence in opposition to the Estate's motion under Trial Rule 56(C). Thus, the resolution of the Estate's motion depends entirely upon the Estate's designated evidence although, as the trial court correctly noted, the Estate must still meet its burden to show that there is no genuine issue of material fact and that the Estate is entitled to judgment as a matter of law.

[10] In addition, on appeal, White has failed to file an appendix or otherwise direct us to portions of the record where we could find the relevant documents or the facts that support his contentions. The Indiana Appellate Rules require appellants to include in their brief an argument section that "contain[s] the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be support by citation to the authorities, statutes, and the Appendix or parts of the Record on appeal relied on[.] Ind. Appellate Rule 46(A)(8)(a). Here, White has failed to comply with the

appellate rules and, as a result, has failed to meet his burden on appeal to demonstrate that the trial court erred. Nevertheless, given that the Estate filed an appendix that includes the documents relevant to White's appeal, and our preference for resolving issues on the merits, we will consider White's arguments.

### *Standard of Review*

Our Supreme Court recently stated that:

> "When . . . review[ing] a grant or denial of a motion for summary judgment, we "stand in the shoes of the trial court." We ask, "whether there is a genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law." The party moving for summary judgment bears the burden of making a prima facie showing that there is no issue of material fact and that it is entitled to judgment as a matter of law. The burden then shifts to the non-moving party to show the existence of a genuine issue. On appellate review, we resolve "[a]ny doubt as to any facts or inferences to be drawn therefrom . . . in favor of the non-moving party."

*Burton v. Benner,* 140 N.E.3d 848, 851 (Ind. 2020) (internal citation and quotation omitted). "A defendant is entitled to judgment as matter of law when undisputed material facts negate at least one element of [a] plaintiff's claim." *Colen v. Pride Vending Serv.*, 654 N.E.2d 1159, 1162 (Ind. Ct. App. 1995). The absence of a genuine factual issue on even just one element of a cause of action is fatal to that claim. *Woods v. Qual-Craft Indus., Inc.*, 648 N.E.2d 1198, 1202 (Ind. Ct. App. 1995).

[12] On appeal, White asserts that the trial court erred when it granted summary judgment in favor of the Estate because it relied on the wrong standard of review and because there are genuine issues of material fact as to White's claims for fraud and waste.[3] We address each argument in turn.

### *Trial Court's Standard of Review*

[13] White first asserts that the trial court misstated the holding in *Woods* and relied on the wrong standard of review when it stated that the "absence of a genuine factual issue on even just one element of a cause of action is fatal to that claim." Appellee's App. Vol. 2 at 3. Specifically, White asserts that that statement by the trial court "is not an accurate representation of the principle actually enunciated in the *Woods* case." Appellant's Br. at 12. However, White has not provided cogent argument to explain how the trial court misstated the holding in *Woods*. On the contrary, White acknowledges that it "is undisputed that [he] must prove all of the elements of its cause of action in order to recover. Consequently, if [the Estate] can prove, with undisputed facts, that negate at least one of the elements, [he] cannot prevail." *Id*. at. 13. White has wholly failed to show that the trial court either misstated or misapplied the holding in *Woods*.

---

[3] The trial court also found that no genuine issue of material fact existed on White's claim of constructive fraud. However, White does not make any argument regarding constructive fraud on appeal.

### *Fraud*

White next contends that the court erred when it entered summary judgment in favor of the Estate because there are genuine issues of material fact as to White's claim for fraud. To prevail on a claim for fraud, White must show that the Estate made a material misrepresentation of a past or existing fact which was untrue, with knowledge of or in reckless ignorance of the misrepresentation's falsity and with the intent to deceive, that he rightfully relied upon the misrepresentation, and that his reliance proximately caused the injury or damage complained of. *See Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 335 (Ind. 2013). On appeal, White specifically asserts that the Estate had informed him that he would have immediate unrestricted access to the Property after the closing, which representation the Estate knew was false, and that he relied on the Estate's false representation to his detriment.

Here, in support of its motion for summary judgment, the Estate designated as evidence the Agreement, which demonstrated that White acquired the Property "subject to the rights of crop tenants to cultivate, tend and harvest growing crops for the 2015 crop year." Appellee's App. Vol. 2 at 18 (emphasis removed). The Estate also designated the Executors' Deed, which contained the same provision. Further, the Estate designated as evidence White's deposition, which showed that no party to the Agreement represented to White that he would have the right to immediate unrestricted possession of the Property. *See id.* at 59-60. Rather, the designated evidence shows that it was White's attorney, not a representative of the Estate, who asserted to White that

he had the right to immediate unrestricted possession of the Property. *See id.* at 57.

[16] In addition, White acknowledged during his deposition that he was aware that Showalter rented and farmed tillable acres on the Property. *See* Appellant's App. Vol. II at 53, 54. That evidence demonstrated, that, at a minimum, White was on inquiry notice concerning the crop tenancy agreement. The law has always imputed to a purchaser of land all information which would have been conveyed by an actual view of the premises, and when one purchases property where a visible state of things exists which could not legally exist without the property being subject to some burden, he is taken to have notice of the nature and extent of the burden. *Fenley Farms, Inc. v. Clark*, 404 N.E.2d 1164, 1171-72 (Ind. Ct. App. 1980). When the property was conveyed to White, as a matter of law, he was charged with knowledge of the crop tenancy agreement and with notice of the nature and extent of the burden represented by that agreement. *See id* at 1172. Accordingly, the Estate met its burden as the summary judgment movant to demonstrate that the Estate did not make a material misrepresentation to White which was untrue. As such, the Estate met its burden to negate the first element of White's claim for fraud.

[17] At that point, the burden shifted to White to designate evidence to demonstrate that a genuine issue of material fact existed. But White did not designate any

such evidence.[4]  Accordingly, the trial court did not err when it granted summary judgment in favor of the Estate on White's fraud claim.

### *Waste*

[18] Finally, White asserts that the court erred when it entered summary judgment in favor of the Estate on his claim for waste.  This Court has previously stated: "At common law, the owner or a person with an interest in real property may bring an action for waste for the destruction, misuse, alteration or neglect of the premises by one lawfully in possession of the premises." *Wright Motors, Inc. v. Marathon Oil Co.*, 631 N.E.2d 923, 927 n.3 (Ind. Ct. App. 1994).  On appeal, White specifically contends that, "notwithstanding [the Estate's] representation to the contrary, [White's] testimony d[id] state that the Estate, or its agents, [had] commit[ed] affirmative acts of destruction by ransacking the trucks, throwing junk out, and making things worse."  Appellant's Br. at 19.

[19] However, the Estate designated as evidence White's deposition, which demonstrated that the alleged waste happened after closing and that no representative of the Estate entered the Property after that date.  Appellee's App. Vol. 2 at 61, 74.  That designated evidence negated one element of

---

[4] White also appears to suggest that, because the trial court did not go into detail about every element of his fraud claim, it failed to consider the claim.  But White ignores the fact that the Estate was only required to negate one element of White's claim in order to be entitled to summary judgment.  Accordingly, once the trial court found that there is no genuine issue on one element, it did not have the obligation to address the other elements.

White's waste claim, namely, that it was the Estate that had committed the alleged waste. The burden then shifted to White to demonstrate that a genuine issue of material fact existed. But, again, White did not designate any such evidence. Therefore, the trial court did not err when it granted summary judgment in favor of the Estate on White's claim for waste.

[20] In sum, the trial court did not err when it entered summary judgment in favor of the Estate. Accordingly, we affirm the trial court.

[21] Affirmed.

Bradford, C.J., and Mathias, J., concur.