**Matthew MANGOLD, a minor by his next friend, Michael MANGOLD, Appellant–Plaintiff,**

v.

**INDIANA DEPARTMENT OF NATURAL RESOURCES and Switzerland County School Corporation, Appellees–Defendants.**

No. 78S01–0110–CV–479.

Supreme Court of Indiana.

Oct. 25, 2001.

Gary K. Kemper, Kemper, Barlow & Sparks, Madison, IN, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee Indiana Department of Natural Resources.

Danford R. Due, Leslie A. Behrman, Stewart Due Doyle & Pugh, LLP, Indianapolis, IN, Attorneys for Appellee Switzerland County School Corporation.

## ON PETITION TO TRANSFER

RUCKER, Justice.

We grant transfer in this case and hold that on a complaint for negligence, the common law duty of care that a school owes its students is not dependent upon whether an injury a student suffers occurs on school property. We also reaffirm that subsection nine of the Indiana Tort Claims Act provides immunity to governmental entities only under very narrow circumstances.

### *Factual and Procedural History*

On March 12, 1997, a Department of Natural Resources ("DNR") conservation officer conducted a hunter education class for students at Switzerland County Junior High School. The program was part of the school's science curriculum and addressed firearm safety. While instructing the class, the officer dismantled a shotgun shell, showed the students the component parts, and explained what the parts do when the gun is fired. Among other things, the officer told the students that when the firing pin strikes the primer, the primer "sparks" setting fire to the powder. The officer also warned the students that they should never handle ammunition unless accompanied by an adult.

Twelve-year-old Matthew Mangold attended the class. After school, Matthew and his brother partially disassembled one of their father's shotgun shells. With his brother holding the shell with pliers, Matthew struck the firing pin with a hammer and chisel. Rather than causing a "spark" as Matthew expected, the shell exploded with a fragment striking Matthew in the face and leaving him blind in the left eye.

Acting as next friend, Matthew's father filed a complaint for negligence against DNR as well as Switzerland County School Corporation ("School"). The complaint alleged that DNR was negligent in its instruction on firearm safety and School was negligent in its supervision of the officer. Both DNR and School (referred to collectively as "Defendants") filed answers that included the affirmative defenses of contributory negligence and immunity under the Indiana Tort Claims Act. After conducting discovery, Defendants also filed motions for summary judgment. DNR claimed immunity under the Indiana Tort Claims Act, and School argued that it owed Matthew no duty. The trial court granted both motions. Finding that DNR was immune under subsection nine of the Indiana Tort Claims Act and that Matthew as well as his father were contributorily negligent, on appellate review the Court of Appeals affirmed the trial court's grant of summary judgment in favor of DNR. *Mangold v. Indiana Dep't of Natural Resources*, 720 N.E.2d 424, 430 (Ind.Ct.App. 1999). The Court of Appeals also affirmed the trial court's grant of summary judgment in favor of School ruling that it owed Matthew no duty because "Matthew was injured at his home and not at school." *Id.* at 429. In order to address the law in this area, we grant Matthew's petition to transfer, but we affirm the trial court.

### *Standard of Review*

Our standard of review is the same as that used in the trial court: summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Tom–Wat, Inc. v. Fink*, 741 N.E.2d 343, 346 (Ind. 2001). All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. *Tom–Wat*, 741 N.E.2d at 346. Review of a summary judgment motion is limited to those materials designated to the trial court. T.R.

56(H); *Tom–Wat*, 741 N.E.2d at 346. We must carefully review a decision on a summary judgment motion to ensure that a party was not improperly denied its day in court. *Tom–Wat*, 741 N.E.2d at 346.

### Discussion

### I. Matthew's complaint against School

In *Miller v. Griesel*, 261 Ind. 604, 308 N.E.2d 701, 706 (1974), this Court emphasized that schools are neither insurers of their pupils' safety nor strictly liable for any injuries that may occur to them. Nonetheless, we recognized a "duty for school authorities to exercise reasonable care and supervision for the safety of the children under their control." *Miller*, 308 N.E.2d at 706. We have asserted this formulation in subsequent cases. *See, e.g., Beckett v. Clinton Prairie Sch. Corp.*, 504 N.E.2d 552, 554 (Ind.1987) (holding the trial court erred in determining as a matter of law that the school did not breach its duty to a high school student injured during baseball practice); *Norman v. Turkey Run Community School Corp.*, 274 Ind. 310, 411 N.E.2d 614, 618 (Ind.1980) (finding no breach of duty where a student was injured while running on the playground).

Seizing on the "supervision" language in *Miller*, the Court of Appeals previously has declared that no duty exists where the injury to a student occurs off school property. *See Brewster v. Rankins*, 600 N.E.2d 154, 158 (Ind.Ct.App.1992) (holding that teacher and school had no duty to prevent injury suffered by a child when his nine-year-old brother hit him with a golf club because "the accident occurred off of School property and, although Teacher

and School acquiesced in the golf club's use, the activity was not supervised by School or its officials . . . ."); *Swanson v. Wabash College*, 504 N.E.2d 327, 331 (Ind. Ct.App.1987) (holding school not liable for injuries sustained by a college student while practicing baseball at an off-campus location because school had no "duty to supervise [ ] recreational baseball practices."). Relying on *Brewster* and *Swanson*, the Court of Appeals in this case likewise reasoned that School owed Matthew no duty because his injuries did not occur on school property.

As this Court has previously observed, "Duty is not sa[ ]crosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection." *Webb v. Jarvis*, 575 N.E.2d 992, 997 (Ind.1991) (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 53 (5th ed.1984)). By declaring that a school may be held liable for the injuries suffered by its students, we essentially have made a policy decision that a school's relationship to its students, the foreseeability of harm, and public policy concerns entitle students to protection. We articulate this expression of liability as a school's duty to exercise "reasonable care and supervision" for its students. *Miller*, 308 N.E.2d at 706. An approach that focuses on rearticulating that duty based upon a given set of facts is misplaced in our view because to do so presupposes that an issue which is thought to be settled must be revisited each time a party frames the duty issue a little differently.[1] Rather, because a school's duty to

---

1. For example, in this case Matthew asserted, among other things, that School "had a duty . . . to provide age appropriate curriculum to the students and to teach that curriculum in an appropriate fashion." Br. of Appellant at 12. He cites no authority in support of this articulation of School's duty. And because

this Court has already declared the nature of the duty a school owes its students, it is unnecessary to engage in the three-part *Webb* test to determine if the school has some other additional duty. *See Webb*, 575 N.E.2d at 995 (declaring that in defining duty, a court must balance: (1) the relationship between the par-

its students already has been established, the focus shifts to whether a given set of facts represents a breach of that duty.

Although the existence of duty is a matter of law for the court to decide, a breach of duty, which requires a reasonable relationship between the duty imposed and the act alleged to have constituted the breach, is usually a matter left to the trier of fact. *See Delta Tau Delta, Beta Alpha Chapter v. Johnson,* 712 N.E.2d 968, 974 (Ind.1999). Only where the facts are undisputed and lead to but a single inference or conclusion may the court as a matter of law determine whether a breach of duty has occurred. *Stephenson v. Ledbetter,* 596 N.E.2d 1369, 1372 (Ind.1992). As applied to the facts in this case, the question is whether School breached its duty of reasonable care and supervision by providing Matthew with inaccurate information and inadequate warnings when it instructed him on firearm safety. The fact that Matthew's injuries occurred off school property may have a bearing on the foreseeability component of proximate causation. *See Bader v. Johnson,* 732 N.E.2d 1212, 1216–17 (Ind.2000) (stating that in a negligence action plaintiff must show: (1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty). However, we see no relationship between the location of Matthew's injuries and School's duty of reasonable care and supervision. Therefore, we conclude that the trial court erred in granting summary judgment to School on the ground that, as a matter of law, School owed Matthew no duty.

## II. Matthew's complaint against DNR

The Indiana Tort Claims Act ("ITCA") allows suits against governmental entities for torts committed by their employees but grants immunity under the specific circumstances enumerated in Indiana Code section 34–13–3–3. *Peavler v. Monroe County Bd. of Comm'rs,* 528 N.E.2d 40, 42 (Ind.1988). Whether a governmental entity is immune from liability under the ITCA is a question of law for the court to decide. *Gibson v. Evansville Vanderburgh Bldg. Comm'n,* 725 N.E.2d 949, 952 (Ind.Ct.App.2000), *trans. denied.* Because the ITCA is in derogation of the common law, we construe it narrowly against the grant of immunity. *Greater Hammond Community Servs., Inc. v. Mutka,* 735 N.E.2d 780, 781 (Ind.2000). The party seeking immunity bears the burden of establishing that its conduct comes within the ITCA. *Peavler,* 528 N.E.2d at 46.

DNR asserts that it is immune from liability in this case under subsection nine of the ITCA which dictates: "A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from: ... the act or omission of anyone other than the governmental entity or the governmental entity's employee." Ind.Code § 34–13–3–3(9). Relying on *Spier v. City of Plymouth,* 593 N.E.2d 1255 (Ind.Ct.App.1992), DNR argues that it is immune under this subsection because "the proximate cause of Matthew's injuries" is the act of Matthew's father in "leaving live ammunition accessible to his son while he was at work." Br. of Appellee at 8.

We addressed subsection nine immunity in *Hinshaw v. Board of Commis-*

ties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy concerns).

*sioners of Jay County,* 611 N.E.2d 637 (Ind.1993), and specifically rejected the rationale in *Spier* that subsection nine confers immunity to governmental entities and employees when an unforeseeable act of a third party is an intervening, proximate cause of the injury. *Id.* at 638. In determining when governmental entities and employees may seek immunity under subsection nine, we observed that "[t]he law has long recognized a number of circumstances in which tort liability may be vicariously imposed upon persons for the conduct of agents who are not employees or subject to any right of control by the employer." *Id.* at 640 (collecting cases). Therefore, we narrowly construed subsection nine immunity, finding that it only applies in "actions seeking to impose vicarious liability[2] by reason of conduct of third parties" other than government employees acting within the scope of their employment. *Id.* "Under such circumstances, the alleged basis of governmental entity liability is the act or omission of a third person not within the scope of employment as a government employee." *Id.*

■ In this case Matthew is not seeking to impose vicarious liability on DNR by reason of conduct of a third party "other than [a] government employee acting within the scope of the employee's employment." *Id.* Rather, Matthew's complaint is founded upon the acts of the officer acting within the scope of his employment for DNR. Therefore, the trial court's grant of summary judgment in favor of DNR cannot be sustained on the ground that DNR is immune under subsection nine of the ITCA.

### III.  Contributory Negligence

Although summary judgment in favor of School cannot be sustained on the ground that School owed Matthew no duty; and summary judgment in favor of DNR cannot be sustained on the ground of immunity under the ITCA; according to a majority of this Court, Matthew still is entitled to no relief because of his own contributory negligence. This view is expressed in the separate opinion of Chief Justice Shepard.

However, I take a different view. Contributory negligence is generally a question of fact for the jury and as such is not an appropriate matter for summary judgment. *Butler v. City of Peru,* 733 N.E.2d 912, 917 (Ind.2000). Contributory negligence becomes a question of law for the court where the facts are undisputed and only a single inference can reasonably be drawn from those facts. *Jones v. Gleim,* 468 N.E.2d 205, 207 (Ind.1984); *see also St. John Town Bd. v. Lambert,* 725 N.E.2d 507, 516 (Ind.Ct.App.2000).

In this jurisdiction children under the age of seven are conclusively presumed to be incapable of contributory negligence; children between the ages of seven and fourteen are rebuttably presumed to be incapable of contributory negligence; and absent special circumstances, children over the age of fourteen are chargeable with exercising the standard of care of an adult. *Creasy v. Rusk,* 730 N.E.2d 659, 662 (Ind. 2000). Children between the ages of seven and fourteen are required to exercise due care for their own safety under the circumstances of a child of like age, knowledge, judgment, and experience. *Id.*

The record shows that at the time of his injury Matthew was twelve years old. As such, he is presumed to be incapable of

---

**2.** *See Sword v. NKC Hosps., Inc.,* 714 N.E.2d 142, 147 (Ind.1999) (defining "vicarious liability" as "indirect legal responsibility" and noting that it is a legal fiction by which a court can hold a party legally responsible for the negligence of another, not because the party did anything wrong but rather because of the party's relationship to the wrongdoer).

contributory negligence, although the presumption may be rebutted. Here, the officer told the students that when the firing pin strikes the primer, the primer "sparks" setting fire to the powder. When Matthew struck the firing pin with a hammer and chisel, the shell exploded. Considering the standard to which Matthew is held and the presumption attached to his conduct, I am unprepared to say that as a matter of law Matthew was contributorily negligent. It appears to me that such a determination should be made by a jury as fact finder and should not be disposed of by summary disposition. *See, e.g., Brockmeyer v. Ft. Wayne Pub. Transp. Corp.,* 614 N.E.2d 605, 607 (Ind.Ct.App.1993) (holding that the trial court erred in concluding that a thirteen-year-old child who only paused at the centerline of a busy street before crossing was contributorily negligent as a matter of law), *trans. denied; Maldonado v. Gill,* 502 N.E.2d 1371, 1373 (Ind.Ct.App. 1987) (finding issue of contributory negligence of an eight-year-old child who crossed in the middle of the street without yielding to traffic was a question of fact for the jury), *trans. denied.* Accordingly, contrary to the conclusion of the majority, I would reverse the grant of summary judgment in favor of both School and DNR and remand this cause to the trial court for further proceedings.

### Conclusion

We hold that on a complaint for negligence, the common law duty of care that a school owes its students is not dependent upon whether an injury a student suffers occurs on school property. We also hold that subsection nine of the Indiana Tort Claims Act provides immunity to governmental entities only under very narrow circumstances. The judgment of the trial court is hereby affirmed.

DICKSON, J., concurs.

SHEPARD, C.J., with whom SULLIVAN and BOEHM, JJ., join, concurs in Parts I and II and delivers an opinion for the Court on Part III.

SHEPARD, Chief Justice, concurring.

All five Justices join Justice Rucker's explication of the law on governmental immunity as it applies to this case. The trial court and the court of appeals wrongly held that the school and the Department of Natural Resources were immune.

■ The trial court was correct, however, to grant summary judgment for the defendants. This is not a case brought under Indiana's Comparative Fault Act, of course, because that Act does not apply to tort claims against government entities. Ind.Code § 34–51–2–2. Instead, this case is governed by the common law, under which even the slightest contributory negligence by a plaintiff bars recovery. *Sauders v. County of Steuben,* 693 N.E.2d 16 (Ind.1998).

Thus, to grant summary judgment to the defendants, the trial court need only have been satisfied that a twelve-year-old who smashed live ammunition with a hammer and chisel in the face of his recent firearm safety instruction was minimally negligent as a matter of law. It was not error for the court to reach that conclusion.

SULLIVAN and BOEHM, JJ., concur.