**Wallace RICE dba Just Drains, Appellant–Plaintiff,**

v.

**James HULSEY, Individually, and Hulsey, Inc., Appellees– Defendants.**

**No. 49A02–0409–CV–799.**

Court of Appeals of Indiana.

June 9, 2005.

---

Michael G. Shanley, Baker Pittman & Page, Indianapolis, for Appellant.

James R. Browne, Jr., Goodin Abernathy & Miller, Indianapolis, for Appellees.

## OPINION

SHARPNACK, Judge.

Wallace Rice, doing business as Just Drains ("Rice"), appeals the trial court's grant of summary judgment to James Hulsey and Hulsey, Inc. (collectively, "Hulsey"). Rice raises two issues, which we consolidate and restate as whether the trial court erred by granting Hulsey's motion for summary judgment regarding Rice's breach of contract and tortious interference with a business relationship claims. We affirm.

The relevant facts designated by the parties follow. In 2001, Hulsey sold Just Drains, a business providing drain cleaning and plumbing work for commercial and residential clients, to Rice. The Contract for Sale of Business ("Contract") provided that Hulsey would transfer "all the assets of the corporation to [Rice] including, but not limited to" some vehicles, all of the office supplies and equipment, the accounts receivable, "[t]he name Just Drains, and all of the goodwill of the business." Appellant's Appendix at 58. The Contract did not include a covenant not to compete. Hulsey later started another drain business and solicited customers that he had serviced when he owned Just Drains.

Rice filed a complaint against Hulsey and alleged claims of breach of contract, violation of the Indiana Trade Secret Act, interference with a business relationship, and interference with contractual relations. Hulsey filed a motion for summary judgment alleging that the Contract did not contain a covenant not to compete and, thus, did not prevent him from soliciting his prior customers, that he had not violated the Indiana Trade Secrets Act, and that he had not interfered with a business or contractual relationship by competing with Rice. Rice filed a response and argued that Hulsey was not entitled to summary judgment on the breach of contract and interference claims. The trial court granted Hulsey's motion for summary judgment.

Our standard of review for a trial court's grant of a motion for summary judgment is well settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(c); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756

N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Id.* Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. *Id.* at 974.

Where, as here, the defendant is the moving party, the defendant must demonstrate that the undisputed facts negate at least one element of the plaintiff's cause of action or that the defendant has a factually unchallenged affirmative defense which bars the plaintiff's claim. *Bradley v. Hall*, 720 N.E.2d 747, 750 (Ind.Ct.App.1999). If the defendant sustains this burden, the plaintiff may not rest upon the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Id.*

On appeal, Rice argues that the trial court erred by granting summary judgment regarding his breach of contract and tortious interference with a business relationship claims.[1] We will address the two claims separately.

### A. *Breach of Contract.*

The essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages. *Gatto v. St. Richard School, Inc.*, 774 N.E.2d 914, 920 (Ind.Ct. App.2002). Rice argues that Hulsey was not entitled to summary judgment because he breached the contract by soliciting persons who were customers of Just Drains when it was owned by Hulsey. According to Rice, the portion of the contract in which Hulsey sold "all of the goodwill of

---

1. Rice makes no argument concerning the Indiana Trade Secrets Act claim or the interference with a contractual relationship claim.

the business" to Rice prevents Hulsey from soliciting those customers. Appellant's Appendix at 58.

■ Goodwill has been defined as "the probability that old customers of the firm will resort to the old place of business where it is well-established, well-known, and enjoys the fixed and favorable consideration of its customers" or "the expectation of continued public patronage." *Berger v. Berger*, 648 N.E.2d 378, 383 (Ind.Ct. App.1995). In support of his argument that Hulsey was not allowed to solicit the customers because of the sale of Just Drains' goodwill, Rice relies upon *Fogle v. Shah*, 539 N.E.2d 500, 502 (Ind.Ct.App. 1989).[2] However, *Fogle* does not support Rice's position. In *Fogle*, this court held:

> Covenants not to compete ancillary to the sale of a business reflect the value of the customer's affiliation with the particular business which is part of the bargain sought by the buyer. *This "goodwill" is the protectable interest upon which the covenant not to compete focuses.* The goodwill of a business is an intangible asset which may be transferred from seller to purchaser, and it becomes the buyer's right to expect the firm's established customers will continue to patronize the purchased business. The seller reentering the market and competing with buyer for customers precludes buyer from receiving all that has been sold to him. Agreements in partial restraint of trade ancillary to the sale of a business appear to be sanctioned because of the value of the goodwill purchased.

*Id.* (internal citations omitted) (emphasis added). Thus, goodwill may be sold in conjunction with the sale of a business and may be protected through a covenant not to compete ancillary to the sale. *See also PrimeCare Home Health v. Angels Of Mercy Home Health Care, L.L.C.*, 824 N.E.2d 376, 381–382 (Ind.Ct.App.2005) (holding that "goodwill generated between customers and a business has been considered a legitimate protectable interest that may be addressed by a reasonable noncompetition agreement or covenant not to compete"). Rice cites no relevant authority for the proposition that the sale of the goodwill prevented Hulsey from soliciting the customers; rather, the sale of goodwill does not, by itself, constitute a limitation on the seller of the business from soliciting prior customers. Such a limitation must be imposed through a covenant not to compete.

Here, the parties did not enter into a covenant not to compete. Although Hulsey sold Just Drains' goodwill to Rice, nothing in the Contract prevented Hulsey from soliciting Just Drains' customers. Consequently, Hulsey did not breach the Contract by soliciting the customers, and the trial court did not err by granting Hulsey's motion for summary judgment. *See, e.g., id.* (affirming the trial court's denial of a motion for preliminary injunction where employees started a competing business but were not subject to a noncompetition agreement or covenant not to compete and did not violate the Indiana Trade Secrets Act).

### B. Tortious Interference with a Business Relationship.

■ Rice also contends that the trial court erred by granting Hulsey's motion

---

**2.** Rice also relies upon *Dicen v. New Sesco, Inc.*, 806 N.E.2d 833 (Ind.Ct.App.2004). However, on September 10, 2004, our supreme court granted transfer on *Dicen. Dicen v. New Sesco, Inc.*, 822 N.E.2d 975, (Ind.

2004). Therefore, the opinion to which Rice cited has been vacated. *See* Ind. Appellate Rule 58(A); *Wontorski v. Williamsburg Mobile Homes, Inc.*, 794 N.E.2d 433, 433 (Ind.2003).

for summary judgment because Hulsey committed tortious interference with a business relationship by soliciting the customers. The elements of tortious interference with a business relationship are: "(1) the existence of a valid relationship; (2) the defendant's knowledge of the existence of the relationship; (3) the defendant's intentional interference with that relationship; (4) the absence of justification; and (5) damages resulting from defendant's wrongful interference with the relationship." *Felsher v. Univ. of Evansville*, 755 N.E.2d 589, 598 n. 21 (Ind.2001) (citing *Levee v. Beeching*, 729 N.E.2d 215, 222 (Ind.Ct.App.2000)). Additionally, our supreme court has held that "this tort requires some independent illegal action." *Brazauskas v. Fort Wayne–South Bend Diocese, Inc.*, 796 N.E.2d 286, 291 (Ind. 2003), *cert. denied*, 541 U.S. 902, 124 S.Ct. 1602, 158 L.Ed.2d 244 (2004); *see also Watson Rural Water Co., Inc. v. Indiana Cities Water Corp.*, 540 N.E.2d 131, 139 (Ind.Ct.App.1989) ("In the State of Indiana, an element necessary to prove this cause of action is that a defendant acted illegally in achieving his end."), *reh'g denied, trans. denied.*

According to Rice, genuine issues of material fact exist because the sale of the goodwill prohibited Hulsey from soliciting the customers. However, we have already held that Hulsey was not prohibited from soliciting the customers by the sale of the goodwill. *See supra* Part A. Hulsey argues that the trial court properly granted him summary judgment because there were no genuine issues of material fact regarding the illegality of his conduct and the absence of justification. According to Hulsey, "[t]his case amounts to a classic example of business competition." Appellee's Brief at 8.

We agree that the designated evidence failed to demonstrate any illegality of Hulsey's conduct, and Rice does not argue that Hulsey's conduct was illegal. *See, e.g., Levee*, 729 N.E.2d at 222–223 (holding that the trial court properly granted the defendants' summary judgment on the plaintiff's tortious interference with a business relationship claim where there was no illegal conduct). Moreover, as for the absence of justification, this court analyzed this element in *Harvest Life Ins. Co. v. Getche*, 701 N.E.2d 871, 877 (Ind.Ct.App. 1998), *reh'g denied, trans. denied*, and held:

> On the issue of justification when it concerns competitors in business we have turned to the Restatement (Second) of Torts § 768 (1977) for assistance. This section provides as follows:
>
> § 768 Competition as Proper or Improper Interference
>
> (1) One who intentionally causes a third person not to enter into a prospective contractual relation with another who is his competitor or not to continue an existing contract terminable at will does not interfere improperly with the other's relation if
>
> (a) the relation concerns a matter involved in the competition between the actor and the other and
>
> (b) the actor does not employ wrongful means and
>
> (c) his action does not create or continue an unlawful restraint on trade and
>
> (d) his purpose is at least in part to advance his interest in competing with the other.
>
> (2) The fact that one is a competitor of another for the business of a third person does not prevent his causing a breach of an existing contract with the other from being an improper interference if the contract is not terminable at will.
>
> Restatement (Second) of Torts § 768 (1977).

The commentary to Restatement (Second) § 768 (1977) explains as follows: One's privilege to engage in business and to compete with others implies a privilege to induce third persons to do their business with him rather than with his competitors. In order not to hamper competition unduly, the rule stated in this Section entitles one not only to seek to divert business from his competitors generally but also from a particular competitor. And he may seek to do so directly by express inducement as well as indirectly by attractive offers of his own goods or services. The only limitations upon this are those stated in Clauses (a) to (d).

*Id.* at comment b.

The rule stated in this Section rests on the belief that competition is a necessary or desirable incident of free enterprise ...

*Id.* at comment e.

*Getche,* 701 N.E.2d at 877.

The designated evidence reveals that Rice and Hulsey are in competition with each other, Hulsey did not employ wrongful means to solicit Just Drains' customers, Hulsey's actions do not create or continue an unlawful restraint on trade, and Hulsey's purpose is at least in part to advance his interest in competing with Rice. Thus, the designated evidence reveals that Hulsey is competing with Rice, that Hulsey negated an element of the action, and that Rice failed to show a genuine issue of fact regarding the absence of justification. We conclude that there were no genuine issues of material fact and that Hulsey was entitled to summary judgment as a matter of law on Rice's tortious interference with a business relationship claim. The trial court did not err by granting Hulsey's motion for summary judgment on this claim. *See, e.g., id.* (holding that the trial court properly granted summary judgment on the plaintiff's tortious interference with a business relationship claim because the designated evidence did not reveal an absence of justification).

For the foregoing reasons, we affirm the trial court's grant of summary judgment to Hulsey.

Affirmed.

MAY, J. and VAIDIK, J. concur.