**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 29 2012, 8:56 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JENNIFER A. KREEGAR**
Middleton, Indiana

ATTORNEYS FOR APPELLEE:

**BRENT E. INABNIT**
**KEVIN E. WARREN**
Sopko, Nussbaum, Inabnit, & Kaczmarek
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JENNIFER A. KREEGAR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1110-MF-940 |
| | ) | |
| FIFTH THIRD MORTGAGE COMPANY, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Brant J. Parry, Judge
Cause No. 34D02-1012-MF-1557

**June 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Jennifer Kreegar, *pro se*, appeals the trial court's denial of her motion to correct errors and summary judgment ruling in favor of Fifth Third Mortgage Company ("Fifth Third"). Kreegar raises a number of issues, which we consolidate and restate as whether the trial court abused its discretion or erred in denying her motion to correct errors or in granting summary judgment in favor of Fifth Third. We affirm.

The relevant facts follow. On July 24, 2008, Kreegar executed a promissory note evidencing a loan from Fifth Third to Kreegar in the original amount of $80,000 (the "Note") and a mortgage (the "Mortgage") granting Fifth Third a security interest in certain real property located at 1701 South Indiana Avenue, Kokomo, Howard County, Indiana (the "Property") to secure repayment of the loan, which was recorded with the Howard County Recorder on August 4, 2008.[1]

On February 10, 2011, Fifth Third filed an Amended Complaint on Note and for Foreclosure of Mortgage, and attached the Note and Mortgage.[2] The amended complaint alleged that Fifth Third is authorized to conduct business in the State of Indiana, that the payments due Fifth Third have not been paid according to the terms of the Note and Mortgage, that Fifth Third exercised its option under the Note and Mortgage to declare the whole indebtedness due and payable, that notice of acceleration was given to Kreegar, and that any and all conditions precedent have been performed in accordance with the terms of the Note and Mortgage. The amended complaint further alleged that as of

---

[1] According to the statements of Fifth Third's counsel at the August 29, 2011 hearing, the Property "is not [] Kreegar's primary residence" as "[a]pparently she was served by certified [mail] at [a]n address in Middleton" and that he thought it was a rental property. Transcript at 7.

[2] The original complaint, filed on December 15, 2010, is not included in the appellant's appendix.

August 1, 2010, there was due and owing Fifth Third from Kreegar on the Note the principal sum of $78,151.87 and interest accruing thereafter until paid. The amended complaint also alleged that the Note and Mortgage provided for the assessment of reasonable attorney fees incurred by Fifth Third in the event of default and that Kreegar agreed to pay Fifth Third certain expenses related to the Property including insurance and real estate taxes. Fifth Third requested that the Mortgage be foreclosed and the Property sold in accordance with law.

On March 4, 2011, Kreegar, *pro se*, filed a Verified Motion to Dismiss Amended Complaint arguing that the amended complaint failed to state a cause of action or claim from which relief could be granted. In the motion, Kreegar presented a number of various arguments, including among others that there was "no allegation or evidence that the purported lender has any knowledge that this action has been initiated" and that Fifth Third failed to show that it was the holder of the Note.[3] Appellant's Appendix at 36.

---

[3] In her nine-page motion, Kreegar argued: "How do we know the plaintiff actually has the authority to proceed? Could we not assume that the plaintiff simply obtained a copy of mortgage and note from the county recorder's office, just like anyone could for a small fee, and filed this action to hijack the property?" Appellant's Appendix at 36. Kreegar asserts: "Even the very complaint states that the original note is lost, and this comes from a lending institution, a bank. How does a bank just lose or misplace money? *Oops, sorry about that, can we have a new one*?" Id. Kreegar further argues that Fifth Third "and the purported lender were not ever and are not corporations in good standing or authorized to engage in any business enterprise in the State of Indiana" and, with respect to "Fifth Third Mortgage Company," that "[t]his jumble of words or whatever is not even evidenced by the plaintiff's filing of a copy of the so-called trust agreement, a requisite declaration of trust, copies of the so-called certificates, and in fact, this jumble of words is not even stated in any allegations in the pleading." Id. Kreegar argues that Fifth Third "will not suffer any substantial prejudice if this motion is granted." Id. at 37.

Under the heading "Notice of Waiver of Immunity," Kreegar's motion states: "Notice is hereby given to this court that individuals presiding over this case may by their own individual acts and conduct waive immunities normally afforded to official offices of this court for those upholding legal duties. The defendant accepts your oath of office for value." Id. Kreegar appears to cite to Florida and Illinois statutes and asserts that Fifth Third may not seek to admit duplicates in lieu of the genuine originals of the Note and Mortgage. Kreegar further states: "Notice is hereby given to the plaintiff, any witnesses, this court and the officers therein that they each have the right to remain silent and that anything either of

Also on March 4, 2011, Kreegar filed a Verified Motion to Strike Sham Pleading stating that Fifth Third had not presented the original Note and Mortgage. The court set Kreegar's motions for a hearing, which was continued two times at Kreegar's request.

On June 21, 2011, Fifth Third filed a motion for summary judgment together with a brief in support of the motion and a designation of evidence,[4] along with, a motion to strike Kreegar's motions to dismiss and to strike sham pleading. Fifth Third stated that it did not make any averment that the original Note or Mortgage were lost or stolen and that it attached copies of both to its amended complaint in compliance with Ind. Trial Rule 9.2(A), that counsel was in possession of the original Note and it was available for inspection pursuant to Trial Rule 9.2(E), and that Fifth Third is Kreegar's original lender and is the holder of the Note pursuant to Ind. Code § 26-1-3.1-301(1). That day, the court entered an order granting Fifth Third's motion to strike and vacated the previously-scheduled hearing on the motions. The court scheduled a hearing on Fifth Third's summary judgment motion for August 29, 2011.

On July 13, 2011, Kreegar filed several documents including an Objection and Response in Opposition to Order to Strike and Counter Defendant's Motion for Summary Judgment.[5] Kreegar argued that she had not been afforded the opportunity to request

them say or express can and will be used against them in a court of law." Id. at 42.

[4] Fifth Third designated the complaint and amended complaint together with all exhibits, including the Note and the Mortgage, an affidavit of a foreclosure analyst with Fifth Third and an affidavit from its counsel regarding attorney fees.

[5] The other documents filed by Kreegar on July 13, 2011, included: "Verified Answer in the Form of Negative Averments by Oath or Affirmation, Verified Counterclaim – Recoupment, First Requests for Admission, Defendant's First Interrogatories, Requests for Production and Certificate of Discovery." Appellant's Appendix at 4-5. These documents are not included in the appellant's appendix. At the August 29, 2011 hearing, counsel for Fifth Third stated with respect to Kreegar's counterclaim: "It's kind

Fifth Third to produce evidence of a valid agreement during discovery, that there were genuine issues of material fact, that discovery was pending, and that she had filed her answer, counterclaim, and discovery. On August 8, 2011, Kreegar filed a motion to compel responses to discovery "within the time allowed." Appellant's Appendix at 68. On August 17, 2011, Fifth Third filed a motion for enlargement of time to respond to discovery and response to the motion to compel. That day, the court granted Fifth Third's motion and denied Kreegar's motion to compel.

On August 29, 2011, the court held a hearing on Fifth Third's summary judgment motion, at which Kreegar failed to appear. Counsel for Fifth Third noted that the basis of Kreegar's motion to dismiss was that Fifth Third had lost the Note but that there was no representation in any pleading that the Note was lost. Counsel for Fifth Third stated that he was in possession of the original Note, which was signed by Kreegar and indicated that Fifth Third was the original lender, and the trial court reviewed the Note. Counsel for Fifth Third argued for summary judgment based upon the Note, the Mortgage which showed Fifth Third was the original mortgagee, and the affidavit of debt verifying the amount of the debt and default. Fifth Third moved to quash Kreegar's request for discovery and to dismiss her counterclaim. The court granted Fifth Third's motion for summary judgment, dismissed Kreegar's counterclaim, and quashed Kreegar's discovery requests.

---

of hard to understand exactly what she's asking for. Because basically she's asking that she be given all the money back that she borrowed from [Fifth Third]. So she would get it twice, in essence." Transcript at 9.

Kreegar filed a motion to correct errors arguing that Fifth Third did not provide her with the original Note, and thus that it did not have standing to enforce the Note and that she was deprived of the ability to present her defense, and that there were issues of material fact that precluded summary judgment. The court denied Kreegar's motion. Kreegar now appeals.

Initially, we note that although Kreegar is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. Evans v. State, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), trans. denied. This court will not "indulge in any benevolent presumptions on [their] behalf, or waive any rule for the orderly and proper conduct of [their] appeal." Ankeny v. Governor of State of Ind., 916 N.E.2d 678, 689 (Ind. Ct. App. 2009), reh'g denied, trans. denied (citation omitted).

Generally, we review rulings on motions to correct error for an abuse of discretion. Ind. Bureau of Motor Vehicles v. Charles, 919 N.E.2d 114, 116 (Ind. Ct. App. 2009); Speedway SuperAmerica, LLC v. Holmes, 885 N.E.2d 1265, 1270 (Ind. 2008), reh'g denied. An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it, or the reasonable inferences drawn therefrom. Lighty v. Lighty, 879 N.E.2d 637, 640 (Ind. Ct. App. 2008), reh'g denied.

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); Mangold ex rel. Mangold v. Ind. Dep't of Natural Res., 756 N.E.2d 970, 973 (Ind. 2001). All facts and reasonable inferences drawn from those facts are construed in favor

of the nonmovant. Id. Our review of a summary judgment motion is limited to those materials designated to the trial court. Id. In reviewing a trial court's ruling on a motion for summary judgment, we may affirm on any grounds supported by the Indiana Trial Rule 56 materials. Catt v. Bd. of Comm'rs of Knox Cnty., 779 N.E.2d 1, 3 (Ind. 2002).

Kreegar argues that the court erred in granting summary judgment to Fifth Third,[6] that Fifth Third had no standing to sue her, and that she was deprived of access to the court under Article 1, section 12 of the Indiana Constitution. Fifth Third maintains that the duly executed Note and Mortgage were properly admitted and considered by the trial court, that it is the entity that entered into the Note and Mortgage with Kreegar, and that the August 29, 2011 hearing did not violate the open courts provision of the Indiana Constitution. To the extent Kreegar fails to cite to relevant authority or relevant portions of the record or develop an argument with respect to the issues she attempts to raise on appeal or fails to develop an argument or point to evidence before the trial court to support the allegations she attempted to set forth in her motion to correct errors, those arguments on appeal are waived. See Loomis v. Ameritech Corp., 764 N.E.2d 658, 668 (Ind. Ct. App. 2002) (holding argument waived for failure to cite authority or provide cogent argument), reh'g denied, trans. denied.

To the extent that Kreegar argues that Fifth Third did not provide the original Note or that she did not have the opportunity to inspect the original Note, Kreegar's arguments

_____

[6] Although Kreegar presents combined arguments related to the issues she raises, she appears to argue that summary judgment in favor of Fifth Third was not proper for the same reasons she raised in her motions to dismiss and to strike sham pleading, namely, that Fifth Third did not have standing to sue her or produce the original loan documents. Kreegar did not designate evidence in response to Fifth Third's summary judgment motion and does not argue that the provisions of the Note and Mortgage do not permit foreclosure under the circumstances or that Fifth Third failed to designate evidence of her default or the amount of debt.

7

are not persuasive. While Kreegar appears to assert or suggest that Fifth Third had alleged that the original Note had been lost or misplaced, we note that Fifth Third maintains, and a review of the amended complaint shows, that Fifth Third did not make such an allegation. In its June 21, 2011 motion to strike Kreegar's motions to dismiss and to strike sham pleading, Fifth Third stated that it attached copies of the Note and Mortgage to its amended complaint, in compliance with Ind. Trial Rule 9.2(A),[7] that counsel was in possession of the original Note and it is available for inspection pursuant to Trial Rule 9.2(E),[8] and that Fifth Third was Kreegar's original lender and is the holder of the Note pursuant to Ind. Code § 26-1-3.1-301(1).[9] Kreegar does not argue or point to the record to show that she was prevented from inspecting the original Note by Fifth Third or the trial court or that there was a violation of Trial Rule 9.2(E). Moreover, according to the transcript, Fifth Third presented the original Note at the August 29, 2011 summary judgment hearing.

---

[7] Trial Rule 9.2(A) provides in part: "When any pleading allowed by these rules is founded on a written instrument, the original, or a copy thereof, must be included in or filed with the pleading. Such instrument, whether copied in the pleadings or not, shall be taken as part of the record. . . ."

[8] Trial Rule 9.2(E) provides in part:

> When a copy of a written instrument is filed with or copied in the pleadings under the provisions of this rule, the pleader shall permit inspection of the original unless it is alleged that the original is lost, whether by destruction, theft or otherwise, or unless it is alleged or established that the instrument is in the possession of another person and out of the control of the pleader or that the duty to allow inspection is otherwise excused. The pleader shall allow inspection promptly upon request of a party, and inspection may be ordered by the court upon motion without a hearing at any time. . . .

[9] Ind. Code § 26-1-3.1-301 states that "'[p]erson entitled to enforce' an instrument means . . . the holder of the instrument . . . ."

8

To the extent that Kreegar argues that Fifth Third did not have standing to sue her and that the trial court granted summary judgment to "Fifth Third Bank," see Appellant's Brief at 6, we observe that the trial court's entry of summary judgment and decree of foreclosure specifically identifies "Fifth Third Mortgage Company" as the plaintiff entitled to summary judgment and foreclosure.[10] Appellant's Appendix at 9. Further, we observe that the Note and Mortgage were designated for purposes of summary judgment, that the Note specifically identified or defined "Fifth Third Mortgage Company" as the lender and Kreegar as the borrower, that the Mortgage specifically identified or defined "Fifth Third Mortgage Company" as the lender and mortgagee and Kreegar as the borrower and mortgagor, and that the amended complaint and pleadings have identified Fifth Third Mortgage Company as the holder of the Note and the party holding a secured interest in the Property pursuant to the Mortgage. The trial court did not abuse its discretion or err in denying Kreegar's motion to correct errors or in granting summary judgment in favor of Fifth Third on these bases.

Also, to the extent that Kreegar argues that she was deprived of access to the court under Article 1, section 12 of the Indiana Constitution,[11] we note that the record shows a Notice of Hearing on Motion for Summary Judgment file-stamped by the court on June

---

[10] While Kreegar does not point to the record in support of her argument, it appears that the sole reference to "Fifth Third Bank" in the record is on the first page of the chronological case summary ("CCS") where "Fifth Third Bank" is listed as the plaintiff. Appellant's Appendix at 1. The pleadings and court orders correctly identify Fifth Third Mortgage Company as the plaintiff and the single reference in the CCS to "Fifth Third Bank" does not amount to reversible error or indicate that Fifth Third Mortgage Company does not have standing to bring an action on the Note.

[11] Article 1, section 12 of the Indiana Constitution provides: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

21, 2011 notifying Kreegar that a hearing was scheduled on Fifth Third's summary judgment motion for August 29, 2011. The CCS also indicates that the court set the August 29, 2011 hearing date. Kreegar did not appear at the scheduled August 29, 2011 hearing. Kreegar does not argue that she did not receive notice of the hearing or that she requested a continuance. Further, Fifth Third maintained that it had possession of the original Note and it was available for inspection prior to the August 29, 2011 hearing, and Kreegar does not demonstrate that she was unable to inspect the original Note in preparation for the hearing. Copies of the Note and Mortgage evidencing Fifth Third's loan to Kreegar and security interest in the Property and upon which Fifth Third's motion for summary judgment was based were attached to the amended complaint and Kreegar does not argue that she did not have copies of those documents. We cannot say that Kreegar was deprived of access to the courts under Article 1, section 12 of the Indiana Constitution.

Based upon our review of the record and Kreegar's arguments, we conclude that the trial court did not abuse its discretion or err in denying Kreegar's motion to correct errors or in granting summary judgment in favor of Fifth Third.

For the foregoing reasons, we affirm the rulings of the trial court.

Affirmed.

BAKER, J., and KIRSCH, J., concur.