**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 03 2014, 1:46 pm

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEPHEN GERALD GRAY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TANYA R. DAWSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1308-MI-716 |
| | ) | |
| STATE OF INDIANA, CITY OF INDIANAPOLIS, | ) | |
| and INDIANAPOLIS METROPOLITAN POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Cynthia Ayers, Judge
The Honorable Burnett Caudill, Magistrate
Cause No. 49D04-1204-MI-15906

**March 3, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Tonya R. Dawson appeals the denial of her motion for summary judgment in an action filed by the State of Indiana, City of Indianapolis, and the Indianapolis Metropolitan Police Department (collectively, the State) for the forfeiture of Dawson's 2000 Chevy Tahoe. Dawson presents the following restated issue for review: Did the trial court err in denying Dawson's motion for summary judgment?

We affirm.

The undisputed facts are that on February 22, 2012, Dawson's son, Garfield McLayea, Jr., sold cocaine to undercover police officers of the Indianapolis Metropolitan Police Department and was arrested a short time later. McLayea left the scene of the transaction in a 2000 Chevy Tahoe. During a search of the Tahoe following the arrest, police officers found a large baggie of cocaine in the center console. Police also found in the center console paperwork for the Tahoe from the Indiana Bureau of Motor Vehicles (BMV) bearing McLayea's name, as well as other information about the vehicle. The State filed a complaint for forfeiture in relation to the Tahoe on April 22, 2012. BMV records showed that title of the Tahoe transferred from McLayea to Dawson on the day of the arrest, i.e., February 22, 2012.[1]

On September 10, 2012, Dawson filed a motion for summary judgment in the State's forfeiture action. In conjunction with her motion, Dawson submitted an affidavit stating as follows:

    1.    I am an adult, competent to give testimony and make the

---

[1] The paperwork reflects that the vehicle was purchased, evidently by Dawson, on February 11, 2012. Nevertheless, the title was issued on February 22, 2012.

representations herein based on first hand knowledge.

2.  I have read and reviewed the factual assertions contained in Defendant's Memorandum In Support Of Summary Judgment, and hereby ratified them and incorporate each and every one into this affidavit as if fully set forth herein.

3.  I am the owner and title holder of a **2000 CHEVROLET TAHOE** which was acquired lawfully.

4.  I have never used the vehicle unlawfully nor have I ever intended the vehicle to be used to transport any controlled substance in violation of the law.

5.  I was unaware that my vehicle was used in any criminal activity, assuming that it was, and I had no reason to know or suspect my vehicle was used to transport anything illegal.

*Appellant's Appendix* at 18 (emphasis in original). In response to Dawson's motion, the State designated the probable cause affidavit related to McLayea's crime, a certified copy of the BMV records pertaining to ownership of the vehicle, and what purported to be a transcript of Dawson's deposition in the criminal case against her son. In that deposition, Dawson testified that McLayea had difficulty discerning right from wrong, and "might" be convinced by others to commit a crime. *Id.* at 48. She also testified that he had been in jail "50 or 60 times." *Id.* at 37. Finally, she testified that she did not "have any control over what he does." *Id.* at 45. Dawson thereafter moved to strike the deposition transcript on grounds that it was "unsigned, unverified, and not authenticated by any qualified person, and therefore is incompetent evidence pursuant to T.R. 56." *Id.* at 50. Following a hearing, the trial court granted Dawson's motion to strike but denied her motion for summary judgment. The trial court later granted Dawson's motion to certify for interlocutory appeal its denial of

her motion for summary judgment. We accepted jurisdiction and this appeal ensued.

Dawson contends the trial court erred in denying her motion for summary judgment. The specific issue presented is whether the evidence designated by the parties supports her claim that no genuine issue of material fact remains on the question of whether she was entitled to prevail on the "innocent owner" defense to an action for forfeiture. According to that defense, seizure is appropriate only when "the prosecuting attorney [shows] by a preponderance of the evidence that a person who has an ownership interest of record in the bureau of motor vehicles knew or had reason to know that the vehicle was being used in the commission of the offense." Ind. Code Ann. § 34-24-1-4(a) (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.).

> Our review of rulings on summary judgment motions is well settled:
>
> On appeal of the grant or denial of a motion for summary judgment, we apply the same standard applicable to the trial court. The moving party "bears the initial burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." *Gill v. Evansville Sheet Metal Works, Inc.,* 970 N.E.2d 633, 637 (Ind. 2012). If the moving party meets this burden, then the non-moving party must designate evidence demonstrating a genuine issue of material fact. *Id.* Review is limited to those facts designated to the trial court, Ind. Trial Rule 56(H), and summary judgment is appropriate where the designated evidence "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," *id.* 56(C). In applying the facts to the law, "[a]ll facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party." *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.,* 756 N.E.2d 970, 973 (Ind. 2001). "We must carefully review a decision on a summary judgment motion to ensure that a party was not improperly denied its day in court." *Id.* at 974.

*F.D. v. Ind. Dep't of Child Servs.*, 1 N.E.3d 131, ___ (Ind. 2013) (some internal citations omitted).

In her affidavit, Dawson stated that she was the titled owner of the Tahoe and never intended it to be used to transport controlled substances, nor did she know that it was used in any criminal activity. She further stated that she had no *reason* to know or suspect that her vehicle was used to transport illegal contraband. Essentially, Dawson denied the existence of the elements the State was required to prove under I.C. § 34-24-1-4(a) in order to obtain forfeiture of her vehicle. In opposition, the State designated evidence showing that on the day of the offense, the paperwork in the Tahoe reflected that McLayea was the vehicle's owner. The State also designated evidence, in the form of BMV records, indicating that transfer of the ownership of the vehicle was not completed until the day of the offense. The timing of the transfer of ownership vis-à-vis the date of the offense is sufficient to create a genuine issue of material fact as to whether those two events were somehow related, or whether Dawson knew or had reason to know that the vehicle was being used in the commission of the offense. Therefore, the trial court did not err in denying Dawson's motion for summary judgment.

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.