## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 10 2015, 10:00 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jeffrey S. Sturm
George C. Patrick & Assoc., PC
Crown Point, Indiana

ATTORNEY FOR APPELLEE

Michael G. Getty
Hunt Suedhoff Kalamaros, LLP
St. Joseph, Michigan

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Wayne Bell and Linda Bell, <br> *Appellants-Petitioners,* <br><br> v. <br><br> Ice River Springs Kentland, LLC, <br> *Appellee-Respondent.* | June 10, 2015 <br><br> Court of Appeals Case No. 56A04-1410-PL-478 <br><br> Appeal from the Newton Superior Court <br><br> The Honorable Daniel J. Molter, Judge <br><br> Trial Court Cause No. 56D01-1302-PL-2 |

**Mathias, Judge.**

[1] Wayne Bell ("Bell") and Linda Bell (collectively "the Bells") appeal the trial court's grant of summary judgment to Ice River Springs Kentland, LLC ("Ice River"). The Bells raise one issue, which we restate as whether the trial court erred by granting summary judgment to Ice River.

[2] We reverse and remand for proceedings consistent with this opinion.

## Facts and Procedural History

[3] During the relevant time period, Bell was employed as a truck driver by MC Express, hauling bottled water between stores and distributors. For his normal route, Bell traveled from a Hinckley Springs bottled water plant in Chicago to a Wal-Mart store in Gas City, Indiana, then to an Ice River bottled water plant in Kentland, Indiana. In Gas City, Bell would drop off a trailer filled with bottled water, then pick up an empty trailer. When he reached the Ice River plant, Bell would drop off the empty trailer then pick up another full one. Bell drove this route once or twice a week for three years.

[4] On February 18, 2011, Bell left the Hinckley Springs plant in Chicago around 6:15 p.m. and arrived in Gas City sometime between 9:30 and 10:00 p.m. After swapping trailers, he drove the three hours to the Ice River plant in Kentland, arriving around 2:30 a.m. When he pulled into the unlit Ice River facility parking lot, he noticed patches of ice and snow on the ground from a snowfall that had occurred earlier that night. Using a flashlight he always kept with him, he unhooked the empty trailer he was dropping off and backed his truck up to the full trailer he was to pick up. When he exited his truck to attach the full trailer, he slipped on a patch of ice and fell, injuring his shoulder.

[5] Bell and his wife, Linda, filed a complaint against Ice River nearly two years later, on February 15, 2013. In their complaint, the Bells alleged that Ice River breached its duty of care to Bell, an invitee on property owned by Ice River, by

failing to inspect the premises, remove or salt the ice patches, post warnings about the icy conditions, or provide proper lighting for the parking lot. Ice River filed a motion for summary judgment. The trial court held a hearing on the motion on September 2, 2014. On September 9, 2014, the trial court granted summary judgment in favor of Ice River, concluding that Ice River did not breach its duty to Bell.

[6] The Bells now appeal.

## Discussion and Decision

[7] The Bells argue that the trial court erred in granting summary judgment in favor of Ice River. Specifically, the Bells argue that material issues of fact exist as to whether Ice River breached its duty to Mr. Bell as an invitee on Ice River's property.

[8] We review an appeal from the grant of summary judgment de novo. *Eads v. Cmty. Hosp.,* 932 N.E.2d 1239, 1243 (Ind. 2010). Summary judgment is proper when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Indiana Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Cox v. Paul,* 828 N.E.2d 907, 911 (Ind. 2005).

[9] In this case, the Bells proceeded under a theory of negligence. To sustain an action for negligence, a plaintiff must establish: (1) a duty owed by the defendant to conform its conduct to a standard of care arising from its relationship with the plaintiff; (2) a breach of that duty; and (3) an injury

proximately caused by the breach of that duty. *Benton v. City of Oakland City,* 721 N.E.2d 224, 232 (Ind. 1999). Summary judgment is "rarely appropriate" in negligence cases. *Rhodes v. Wright,* 805 N.E.2d 382, 387 (Ind. 2004) (quoting *Tibbs v. Huber, Hunt & Nichols, Inc.,* 668 N.E.2d 248, 249 (Ind. 1996)). This is because negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence. *Rhodes,* 805 N.E.2d at 387.

[10] Here, the parties do not dispute that Bell was an invitee on Ice River's property and that Ice River owed Bell a duty to exercise reasonable care for his protection. Instead, the parties dispute whether Ice River breached its duty to Bell by failing to clear snow and ice from its parking lot, failing to light the parking lot, and failing to post warnings about the icy conditions in the parking lot. The determination of a breach of duty, which requires a reasonable relationship between the duty imposed and the act alleged to have constituted the breach, is usually a matter left to the trier of fact. *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.,* 756 N.E.2d 970, 975 (Ind. 2001). Only where the facts are undisputed and lead to but a single inference or conclusion may the court as a matter of law determine whether a breach of duty has occurred. *Id.*

[11] Our supreme court has adopted Sections 343 and 343A of the Restatement (Second) of Torts to illustrate the contours of a landowner's duty toward an invitee. *See Smith v. Baxter,* 796 N.E.2d 242, 243 (Ind. 2003). Section 343 of the Restatement provides that:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

> (c) fails to exercise reasonable care to protect them against the danger.

[12] Section 343A of the Restatement provides that "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

[13] In *Countrymark Coop., Inc. v. Hammes,* 892 N.E.2d 683, 686 (Ind. Ct. App. 2008), *trans. denied,* Turner, a truck driver, came to a gasoline terminal to pick up gasoline. As Turner was filling his tanker truck, the meter on the terminal's gas racks malfunctioned, and Turner could not finish pumping gas into his truck. Turner attempted to summon assistance from terminal employees, but no one responded. Turner walked towards a maintenance building to seek assistance, and he slipped and fell on ice, sustaining injuries. Turner sued the terminal, and the terminal moved for summary judgment. The terminal asserted that even if it owed a duty to Turner as an invitee, the danger posed by the ice was so obvious that no breach of duty existed. *Id.* at 686. The trial court denied the terminal's motion, and Turner prevailed at trial. *Id.* at 687. On appeal, the terminal argued

that the trial court should have granted its motion for summary judgment. Another panel of this court rejected the terminal's claim, concluding that:

> genuine issues of material fact exist as to whether [the terminal], by the exercise of reasonable care, would have discovered the dangerous condition and should have realized that it involved an unreasonable risk of harm to Turner, whether [the terminal] should have expected that Turner would fail to protect himself from the danger, and whether [the terminal] failed to exercise reasonable care to protect Turner. Further, given [the terminal's] failure to staff the gas racks, genuine issues exist as to whether [the terminal] should have anticipated the harm despite Turner's knowledge of the danger or the obviousness of the danger.

*Id.* at 691–692.

In the present case, Bell was familiar with the Ice River facility and its parking lot, having swapped trailers there once or twice per week for three years. He observed ice patches in the parking lot as he pulled in, and he carried a flashlight with him because he knew that the facility kept the parking lot unlit overnight. Nevertheless, Bell slipped and fell as he tried to hitch the full trailer to his truck, injuring his shoulder. The record is unclear as to whether Ice River was aware that its parking lot was icy that night.

Like the defendant in *Countrymark Coop., Inc.*, Ice River argues that the danger of slipping and falling was obvious, and Bell was aware of the danger. Ice River maintains that Bell failed to protect himself, and therefore Ice River cannot have breached its duty to Bell, as a matter of law. We disagree. Even if the ice presented a danger that was obvious to Bell, a dispute of material fact exists as

to whether Ice River should have expected its invitees to fail to protect themselves from the danger and whether Ice River should have anticipated the harm to Bell. A reasonable fact finder might conclude that Ice River should expect that truck drivers dropping off trailers overnight would exit their cabs and walk on the icy pavement near the loading docks to unhitch and hitch trailers, that the drivers would not be able to see the ground clearly in the unlit parking lot, and that any flashlight they carry would be used to illuminate the task they are performing rather than to look for slippery patches on the ground. Furthermore, a reasonable fact finder could conclude that Ice River should have salted or lit at least the immediate loading dock area, where it knew truck drivers would be driving and walking during the middle of the night.

[16] Under these facts and circumstances, we conclude a genuine issue of material fact does exist as to whether Ice River breached its duty to Bell. *See Countrymark,* 892 N.E.2d at 692 (affirming the trial court's denial of the terminal's motion for summary judgment because there was an issue of material fact as to breach of duty). The question of Ice River's negligence is better left for the trier of fact to determine. Therefore, Ice River is not entitled to summary judgment as a matter of law, and the trial court's entry of judgment must be reversed. *See Henderson v. Reid Hosp. & Healthcare Servs.*, 17 N.E.3d 311 (Ind. Ct. App. 2014) (material issues of fact as to whether commercial landlord breached its duty to maintain its premises in a reasonably safe condition and whether it acted reasonably in response to the knowledge of ice accumulation on the parking lots and sidewalks of the premises precluded grant of summary

judgment to landlord on premises liability claim brought by tenant's employee, who slipped and fell on ice in parking lot) *trans. denied.*

[17] Reversed and remanded for further proceedings consistent with this opinion.


May, J., and Robb, J., concur.