**Tasha S. MAGGERT, Appellant–Plaintiff,**

v.

**Frederick CALL, Appellee–Defendant.**

No. 20A03–0406–CV–279.

Court of Appeals of Indiana.

Nov. 17, 2004.

Tasha S. Maggert, Carlisle, IN, pro se.

Sara J. Maclaughlin, Michael F. Deboni, Yoder Ainlay Ulmer & Buckingham, Goshen, IN, Attorneys for Appellee.

**OPINION**

SHARPNACK, Judge.

Tasha Maggert appeals the trial court's denial of his motion for summary judgment and the trial court's grant of a motion for summary judgment filed by Frederick Call, warden of the Elkhart County Jail. Maggert raises two issues, which we consolidate and restate as whether Maggert's right of access to the courts was violated when the jail's law library was temporarily unavailable for his use in prosecuting a civil action. We affirm.

The relevant facts designated by the parties follow. From May 11, 2002 to November 8, 2002, Maggert was incarcerated at the Elkhart County Jail where Call was the jail warden. The Elkhart County Jail's law library was unavailable from July 27, 2002 through October 22, 2002 due to flooding within the facility and subsequent repair work.

Maggert had filed a civil action in Pinellas County, Florida, for damages resulting from the alleged theft and negligent care of his personal property. On September 3, 2002, Maggert's Florida action was dismissed for failure to state a claim, and the

Florida court ordered Maggert to amend his complaint within twenty days. Maggert did not file an amended complaint, and his claim was dismissed. According to Maggert, he "was not able to use the law library to determine any possible flaws in the Complaint and was forced to forfeit the $31,000.00 sought in that action." Appellee's Appendix at 20.

Maggert filed a complaint against Call alleging that his right of access to the courts was denied because he was not permitted to use the jail's law library. Maggert filed a motion for summary judgment, in which he argued that he suffered damages as a result of Call's failure to provide Maggert with access to the law library, and Call filed a cross-motion for summary judgment. The trial court found that the right of access to the courts did not apply to Maggert's civil action, denied Maggert's motion for summary judgment, and granted Call's motion for summary judgment.

The issue is whether Maggert's right of access to the courts was violated when the law library was temporarily unavailable for his use in prosecuting his civil action. Our standard of review for the grant or denial of a motion for summary judgment is well settled. Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Id.* Review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* We must carefully review a decision on a summary judgment motion to ensure that a party was not improperly denied its day in court. *Id.* at 974. The fact that the parties made cross-motions for summary judgment does not alter our standard of review. *Hartford Acc. & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 291 (Ind.Ct.App.1997), *trans. denied.* Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id.*

■ Maggert appears to argue that he had a constitutional right of access to the courts under the United States Constitution.[1] The United States Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977); *see also Engle v. State*, 467 N.E.2d 712, 715 (Ind.1984), *Piper v. State*, 770 N.E.2d 880, 884–885 (Ind.Ct.App.2002), *trans. denied.* However, the Supreme Court later noted that the right of access to courts was limited to "attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated" and to "civil rights actions[ ]—i.e., actions under 42 U.S.C. § 1983 to vindicate 'basic constitutional rights.'" *Lewis v. Casey*, 518 U.S. 343, 354, 116 S.Ct. 2174, 2182–2183, 135 L.Ed.2d 606 (1996). The Court in *Lewis* held:

---

1. Maggert also argues that he had a constitutional right of access to the courts under the Indiana Constitution. However, Maggert does not specify the portion of the Indiana Constitution upon which he relies and has waived this contention by failing to make a cogent argument. *See, e.g., Majors v. State*, 773 N.E.2d 231, 235 n. 2 (Ind.2002) (holding that the defendant waived claims because he failed to provide a cogent argument); Ind. Appellate Rule 46(A)(8).

In other words, *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id.* at 355, 116 S.Ct. at 2182. Maggert's civil action was an action for theft of his property, not a challenge to his conviction or a civil rights action under 42 U.S.C. § 1983. Consequently, Maggert did not have a federal constitutional right of access to the law library or adequate assistance from persons trained in the law to prosecute his civil action.

Maggert also contends that "[b]y applying ... *Bounds* and other federal standards to 210 IAC 3–1–15(a), it is apparent that [he] was entitled to access to the law library and courts while detained at the Elkhart County Jail." Appellant's Brief at 9. Ind. Admin. Code tit. 210, r. 3–1–15(a) provides that "[t]he right of jail inmates to have access to the courts shall be insured. Inmates shall have confidential access to their attorneys and the authorized representatives of their attorneys. Jail inmates not represented by counsel shall have reasonable access to an adequate law library." Maggert refers to Ind. Admin. Code tit. 210, r. 3–1–15(a)

merely to show that Indiana recognizes a right of access to the courts and a law library and to support his claim of a violation of his federal constitutional right to a law library, but we have already held that Maggert had no federal constitutional right of access to the law library to prosecute his civil cause of action. Further, Maggert makes no cogent argument demonstrating that Ind. Admin. Code tit. 210, r. 3–1–15(a) creates a duty owed by Call to Maggert or establishes a cause of action distinct from his constitutional claims.[2] Consequently, Maggert has waived this contention by failing to make a cogent argument. *See, e.g., Majors,* 773 N.E.2d at 235 n. 2 (holding that the defendant waived claims because he failed to provide a cogent argument); Ind. Appellate Rule 46(A)(8).

For the foregoing reasons, we affirm the trial court's denial of Maggert's motion for summary judgment and the trial court's grant of Call's motion for summary judgment.

Affirmed.

BAILEY, J. and MAY, J. concur.

2. In fact, Ind. Admin. Code tit. 210, r. 3–1–15(h) provides:

All inmates shall have the right to file written grievances regarding treatment of conditions in the jail with the sheriff or his designee. Grievances shall be promptly investigated, and a written report stating the disposition of the grievance shall be provided the inmate. The sheriff shall establish in writing a grievance procedure which shall be made known and distributed to all inmates upon arrival and initial screening.