## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 18 2015, 6:45 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

John D. May
Greencastle, Indiana

ATTORNEY FOR APPELLEES

Wayne E. Uhl
Stephenson Morow & Semler
Indianapolis, Indiana

I N  T H E

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John D. May, <br> *Appellant-Defendant,* <br><br> v. <br><br> Greene County Sheriff's Department, Greene County Jail, Sheriff Michael Hasler and Jail Commander Darrin MacDonald, <br> *Appellees-Plaintiffs* | November 18, 2015 <br><br> Court of Appeals Case No. 28A01-1505-PL-312 <br><br> Appeal from the Greene Circuit Court <br><br> The Honorable E. Michael Hoff <br><br> Trial Court Cause No. 28C01-1412-PL-43 |

**Vaidik, Chief Judge.**

# Case Summary

John May represented himself in a civil suit while he was incarcerated in the Greene County Jail. After he was sentenced for his criminal convictions and transferred to the Department of Correction, May filed a complaint for injunctive relief and damages against several Greene County entities wherein he alleged that he was denied his constitutional right of access to the courts because the jail did not have a law library. The trial court granted the defendants' motion to dismiss. Because May's civil action was not a challenge to his convictions or a civil rights action under 42 U.S.C. § 1983, May did not have a constitutional right of access to the law library, and we affirm the grant of the defendants' motion to dismiss.

# Facts and Procedural History

While incarcerated at the Greene County Jail in 2014, May represented himself in a civil case which was "filed against May by Debra Stephens as a small claim that was transferred to the plenary docket." Appellees' Br. p. 4. Stephens was the victim in May's convictions for intimidation, criminal mischief, and battery with a deadly weapon. The jail did not have a law library, and when May requested law books, he was told that there were no funds or space for them.[1] In March 2015, after he was transferred to an Indiana Department of

---

[1] According to May, the jail's library consists of an incomplete set of the 1998 edition of the Indiana Code.

Correction facility, May, acting pro se, filed an Amended Verified Complaint for Declaratory and Injunctive Relief and Action for Mandate against the Greene County Sheriff's Department, the Greene County Jail, Greene Superior Court, Greene County Sheriff Michael Hasler, Greene County Jail Commander Darrin MacDonald, and Greene Superior Court Judge Dena Martin, the last three in their individual and official capacities. In the complaint, May asked the trial court to issue an order 1) declaring that May's rights and those of similarly situated offenders at the jail were violated because the jail does not have a law library; 2) enjoining the defendants from further violating May's rights and those of any inmate; 3) ordering the defendants to establish such a library; and 4) ordering the defendants to pay May both compensatory and punitive damages for the violation of his rights. Defendants the Sheriff's Department, the jail, Sheriff Hasler, and Commander MacDonald filed a joint motion to dismiss, which the trial court granted.[2] May appeals.

# Discussion and Decision

[3] At the outset we note that May proceeds *pro se*. A litigant who proceeds *pro se* is held to the rules of procedure that trained counsel is bound to follow. *Smith v. Donahue,* 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied, cert. dismissed.* One risk a litigant takes when he proceeds *pro se* is that he will not know how to

---

[2] In April 2015, the trial court granted May's motion to dismiss Judge Martin and the Greene Superior Court as defendants.

accomplish all the things an attorney would know how to accomplish. *Id.* When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of the appeal. *Foley v. Mannor*, 844 N.E.2d 494, 496 (Ind. Ct. App. 2006).

[4] As an additional preliminary matter, we note that the defendants are correct that May lacks standing to seek injunctive relief. The standing requirement acts as an important check on the exercise of judicial power by Indiana courts. *Schulz v. State*, 731 N.E.2d 1041, 1044 (Ind. Ct. App. 2000), *trans. denied*. Its primary purpose is to insure that the party before the court has a substantive right to enforce the claim that is being made in litigation. *Id.* To possess standing, a plaintiff must demonstrate a personal stake in the outcome of the lawsuit and must show that he has sustained or was in immediate danger of sustaining some direct injury as a result of the conduct at issue. *Id.* It is not sufficient that a plaintiff merely has a general interest common to all members of the public. *Foundations of East Chicago, Inc. v. City of East Chicago*, 927 N.E.2d 900, 903 (Ind. 2010), *clarified on reh'g*, 933 N.E.2d 874 (Ind. 2010). Here, at the time he filed this action, May had been transferred to the Department of Correction and was no longer an inmate at the jail. Therefore, he did not have a personal stake in injunctive relief at the time he filed the suit, and lacks standing to seek such relief. We now turn to May's remaining claims for compensatory and punitive damages for past injuries.

We review a trial court's ruling on a Trial Rule 12(B)(6) motion using a de novo standard. *Lei Shi v. Cecilia Yi*, 921 N.E.2d 31, 36 (Ind. Ct. App. 2010). This means that we give no deference to the trial court's decision. *Id.* A motion to dismiss under Trial Rule 12(B)(6) tests the legal sufficiency of a complaint. *Veolia Water Indpls., LLC v. Nat'l Trust Ins. Co.*, 3 N.E.3d 1, 4 (Ind. 2014). In conducting our review, we accept as true the facts alleged in the complaint, and only consider the pleadings in the light most favorable to the plaintiff and draw every reasonable inference in favor of the non-moving party. *Snyder v. Town of Yorktown*, 20 N.E.3d 545, 550 (Ind. Ct. App. 2014), *trans. denied*. We will affirm a dismissal under Trial Rule 12(B)(6) only if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.*

May argues that the trial court erred in granting the defendants' motion to dismiss where he was denied his constitutional right of access to the courts because the jail did not have a law library. The United States Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the Supreme Court later noted that the right of access to courts was limited to direct criminal appeals and actions under 42 U.S.C. § 1983 to vindicate basic constitutional rights. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Specifically, the Court in *Lewis* explained as follows:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id.* at 355.

[7] Here, May's civil action was filed by Debra Stephens as a small claim that was transferred to the plenary docket. Stephens was the victim of the actions resulting in May's criminal convictions. It was not a challenge to his convictions or a civil rights action under 42 U.S.C. § 1983. In this instance, May did not have a federal constitutional right of access to the law library. *See Maggert v. Call*, 817 N.E.2d 649, 651 (Ind. Ct. App. 2004) (holding that where Maggert's civil action was for the theft of his property and not a challenge to his conviction or a civil rights action under 42 U.S.C. § 1983, Maggert had no federal constitutional right of access to the law library).[3]

---

[3] May also directs us to 210 Ind. Admin. Code 3-1-15(a), which provides that the "right of inmates to have access to the courts shall be insured. Inmates shall have confidential access to their attorneys and the authorized representatives of their attorneys. . . . Jail inmates not represented by counsel shall have reasonable access to an adequate law library." To the extent May cites this provision to support his claim of a violation of his federal constitutional right of access to the courts, we have already explained that May had no such right of access to a law library to defend his civil action. *See Maggert*, 817 N.E.2d at 651. We further note that May makes no argument that this code provision establishes a cause of action distinct from his constitutional claim. Last, any argument alleging a violation of the Indiana Constitution fails because there

[8]     Affirmed.

Robb, J., and Pyle, J., concur.

---

can be no claim for monetary damages arising out of the Indiana Constitution. *McIntire v. Franklin Twp. Cmty. Sch. Corp.,* 15 N.E.3d 131, 137 (Ind. Ct. App. 2014), *trans. denied.*