## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 30 2019, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Michael W. Wise, Sr.

Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael W. Wise, Sr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 30, 2019

Court of Appeals Case No.
29A02-1710-CR-2385

Appeal from the Hamilton
Superior Court

The Honorable Steven R. Nation,
Judge

Trial Court Cause No.
29D01-1412-FC-9933

**Pyle, Judge.**

## Statement of the Case

Michael Wise ("Wise"), pro se, appeals the trial court's order denying his petition for additional earned credit time. Wise makes no cogent argument and has failed to cite to any relevant case law. As a result, we conclude that he has waived appellate review of this issue, and we affirm the trial court's decision.

We affirm.

## Facts

On July 14, 2015, Wise was convicted of Class D felony check deception and Class C felony check fraud. He was also adjudicated to be an habitual offender. The trial court sentenced Wise to sixteen (16) years in the Indiana Department of Correction ("DOC").

While in the DOC, Wise completed two programs titled "Walking the Twelve Steps" and "Mothers Against Methamphetamine." (App. Vol. 1 at 37). Thereafter, Wise sent a letter to a DOC classification officer inquiring whether he would receive credit for completing the two programs. The classification officer informed Wise that he would not receive credit time for the completion of the two programs because "[they] [we]re not IDOC approved time cut programs." (App. Vol. 1 at 40). Wise then filed a DOC classification appeal. The appeal was denied with the notation "[p]rogram is not a IDOC recognized program." (App. Vol. 1 at 41).

[5] Wise then filed a motion for additional earned credit time in his court of conviction. The State filed a response objecting to Wise's motion, arguing that he "seeks a time cut for programs which do not qualify for time cuts at the Indiana Department of Correction (IDOC)." (App. Vol. 1 at 44). The trial court agreed and denied Wise's motion. Wise now appeals.

## Decision

[6] At the outset, we note that Wise has chosen to proceed pro se in this appeal.

> It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. This means that pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. These consequences include waiver for failure to present cogent argument on appeal. While we prefer to decide issues on the merits, where the appellant's noncompliance with appellate rules is so substantial as to impede our consideration of the issues, we may deem the alleged errors waived. We will not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood.

*Basic v. Amouri*, 58 N.E.3d 980, 983-84 (Ind. Ct. App. 2016) (internal quotation marks and citation omitted), *reh'g denied*.

[7] Wise's appellate brief falls short of the standard established in the Indiana Appellate Rules. First, Wise's arguments are not cogent. Appellate Rule 46(A)(8) lists the requirements for the argument section of an appellant's brief, stating in pertinent part:

> (8) Argument.  This section shall contain the appellant's contentions why the trial court or Administrative Agency committed reversible error.
>
> (a)  The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.  Each contention must be supported by citation to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.

Accordingly, as the party with the burden of establishing error on appeal, Wise must cite to pertinent authority and develop reasoned arguments supporting his position.  Wise's first argument consists of three sentences.  None of which explain why the trial court erred in denying his motion.  Similarly, his second argument consists of one sentence and does not explain why he should receive the relief he is seeking.  Consequently, Wise has waived these contentions by failing to make a cogent argument.  *See*, *e.g.*, *Maggert v. Call*, 817 N.E.2d 649, 651 (Ind. Ct. App. 2004) (holding that the appellant waived claims because he failed to provide a cogent argument); *Johnson v. State*, 832 N.E.2d 985, 1004 (Ind. Ct. App. 2005) (holding that post-conviction petitioner waived appellate consideration of his contention when he devoted only one sentence to his claim and failed to cite any relevant case law), *reh'g denied*, *trans. denied*.  Wise's failure to follow the appropriate appellate rules has hampered our review of his appeal.[1]  As a result, he waives consideration of the issues raised in this appeal and we affirm the trial court's decision.

---

[1] We further note that Wise's brief contains nineteen pages of various pleadings filed in the trial court and copies of statues.  Appellate Rule 50 provides that the appellant's appendix shall contain copies of pleadings

Affirmed.

Najam, J., and Crone, J., concur.

---

and other documents from the Clerk's Record. While Wise filed an appendix with pleadings, he also chose to include these pleadings in his appellate brief.