## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 27 2019, 8:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Clifton K. Miller
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Clifton K. Miller,

*Appellant-Petitioner,*

*v.*

State of Indiana,

*Appellee-Respondent.*

June 27, 2019

Court of Appeals Case No.
18A-CR-3138

Appeal from the Elkhart Superior Court

The Hon. Teresa Cataldo, Judge

Trial Court Cause No.
20D03-0101-CF-14

**Bradford, Judge.**

# Case Summary

[1] Clifton Miller was convicted of Murder in 2001, and the trial court sentenced him to sixty-five years of incarceration. In 2018, Miller petitioned the trial court to alter his placement from the Department of Correction ("the DOC") to community corrections, on which petition the trial court declined to act four days later. Miller contends that the trial court improperly treated his purported motion for alternative placement as a petition for sentence modification and also seems to contend that the trial court's refusal to act on his petition four days after it was submitted establishes a denial of access to the courts. Because we disagree with Miller's contentions, we affirm.

# Facts and Procedural History

[2] On September 27, 2001, following Miller's conviction for murder, the trial court sentenced him to sixty-five years of incarceration in the DOC. In 2002, we affirmed Miller's conviction and sentence on direct appeal. *See Miller v. State*, No. 20A03-0111-CR-362 (August 16, 2002). In 2009, we affirmed the post-conviction court's denial of post-conviction relief. *See Miller v. State*, No. 20A03-0901-PC-20, slip op. at *6 (September 3, 2016), *trans. denied*. On December 7, 2018, Miller filed a petition styled as one for consideration of alternative placement in which he asked the trial court to modify his sentence from a DOC commitment to community corrections. On December 11, 2018, the trial court issued a notice declining to take action on Miller's petition, which it had treated as one for sentence modification. The trial court noted that Miller

is a violent criminal according to Indiana law, and that, in the absence of consent by the prosecuting attorney, the trial court was unable to consider his motion for sentence modification.

# Discussion and Decision

## I. Denial of Petition to Modify Sentence

[3] Miller contends that the trial court erred in refusing to act on his petition to modify his sentence. As an initial matter, Miller contends that his petition should have been treated as a request for alternative placement in community corrections pursuant to Indiana Code section 35-38-2.6-3. Section 35-38-2.6-3, however, only applies to requests made "at the time of sentencing" and so has no applicability here. It is well-settled that "[i]f after sentencing, a defendant requests to modify his placement and be allowed to serve his sentence in a community corrections program, this is a request for a modification of sentence under Ind. Code § 35-38-1-17." *Keys v. State*, 746 N.E.2d 405, 407 (Ind. Ct. App. 2001).

[4] Having established that Indiana Code section 35-38-1-17 controls, we note first that Miller qualifies as a "violent criminal" by virtue of his murder conviction. Ind. Code § 35-38-1-17(d)(1). That said, subsection (k) provides, in part, as follows:

> A convicted person who is a violent criminal may, not later than three hundred sixty-five (365) days from the date of sentencing, file one (1) petition for sentence modification under this section without the consent of the prosecuting attorney. After the elapse of the three hundred sixty-five (365) day period, a violent criminal

may not file a petition for sentence modification without the consent of the prosecuting attorney.

[5]     Miller's petition was filed many years beyond the point after which he was required to obtain consent from the prosecutor, consent that was not obtained. Consequently, the trial court lacked the authority to even file Miller's petition, much less rule on it. *See, e.g.*, *Hawkins v. State*, 951 N.E.2d 597, 599 (Ind. Ct. App. 2011) (holding that if request is made outside the 365-day period and prosecutor opposes the modification, trial court lacks authority to modify the sentence), *trans. denied*; *Manley v. State*, 868 N.E.2d 1175, 1179 (Ind. Ct. App. 2007) (concluding that trial court lacked authority to grant defendant's request to modify his placement where request was made more than 365 days after he was sentenced and without prosecutor's consent), *trans. denied.*

[6]     Moreover, Miller's suggestion that he was entitled to have a hearing on his petition is without merit. As mentioned, Miller's petition cannot even be *filed*, much less considered. Under the circumstances, a hearing would be superfluous. Finally, to the extent that Miller argues that the operation of Indiana Code subsection 35-38-1-17(k) amounts to vindictive justice, this argument is without merit as well. It is true that Article 1, section 18 of the Indiana Constitution provides that "[t]he penal code shall be founded on the principles of reformation, and not vindictive justice." However, "there is no recognized liberty interest in a modification of [a] sentence under Indiana law" and "refusing to reduce the length of a sentence is not the equivalent of denying the right to rehabilitate, much less the equivalent of vindictive justice." *Manley*, 868 N.E.2d at 1178 (citation and quotation marks omitted).

# II. Official Bias

[7] Miller seems to suggest that he has been the victim of bias and prejudice on the part the trial court clerk. Miller seems to allege that he was "shortstopped" due to his *pro se* status and points to the fact that the trial court's ruling was entered four days after he submitted his petition for sentence modification. Miller also seems to suggest that the trial court clerk never even allowed his petition to get to the trial court and, instead, entered a ruling purporting to be from the trial court which was not. While there is a "'fundamental constitutional right of access to the courts[,]'" *Maggert v. Call*, 817 N.E.2d 649, 650 (Ind. Ct. App. 2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)), suffice it to say that Miller points to no actual evidence that any denial of access occurred in this case. Miller's allegations are nothing more than innuendo, and our own review of the record reveals no hint of bias, prejudice, or denial of access to the court. Miller has failed to establish that he was denied access to the court.

[8] The judgment of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.